Lake, Ch. J.
There was no foundation laid in the court below, for a review of the judgment by petition in error. There was *417 no motion for a new trial, which this court has repeatedly held, is requisite, in civil actions to obtain a review here of the proceedings on the trial in the district court. The Midland Pacific R. R. Co., v. McCartney, 1 Neb. 404. Mills v. Miller, 2 Neb., 317. Cropsey v. Wiggenhorn, 3 Neb., 108.
Tt is agreed, by one of the stipulations on file, that service by publication was duly made upon the plaintiffs in error in the court below. But this stipulation was hardly necessary. The record of the judgment shows “that all of the defendants have been notified of the pendency of this action as required by law.” This finding of the district court is conclusive of the fact so found, until the contrary is clearly established; and to obtain a review of such finding, all the evidence upon which it was based must have been preserved and brought here by bill of exceptions. The findings and judgment of a court of record will always be presumed to rest upon sufficient evidence, unless the contrary be clearly shown from the record. Error is never to be presumed. Little Miami Railroad v. Collet, 6 O. S., 182.
On suggestion of diminution of record, several matters are brought before us which can have no bearing whatever upon the case. Several certificates from the clerk of the circuit court of the United States for the district of Nebraska are .produced to show that before the judgment was rendered the case liad been removed to that court, and that the district court was thereby ousted of its jurisdiction over it. But these certificates form no part of the record, and we cannot consider them. If it were desired to bring the question of removal before this court, the steps taken to obtain it, and the action of the district court thereon, should have been preserved by a proper bill of exceptions. The court below having had jurisdiction, both of the subject matter, and of the parties, *418 and there being nothing in the record to overcome the presumption of its entire validity, it must be affirmed.
Judgment affirmed.