DON. T. C. PETERS, APPELLEE v. LLOYD W. DUNNELLS, APPELLANT.

1. **Statute of Limitations**: DEMURRER. When it appears on the face of the petition that the cause of action arose at such a period, that under the statute of limitations no action can be maintained thereon, the defendant may demur to the petition, on the ground that the facts stated therein are not sufficient to constitute a cause of action.

2. ———: MORTGAGES. An action to subject mortgaged property to the payment of the mortgage debt is a proceeding *in rem*.

3. ———: ———: CONSTRUCTION OF STATUTE. The proviso to Sec. 17 of the code of civil procedure, that the absence from the state, death or other disability of a non-resident, shall not operate to extend the time within which actions *in rem* shall be commenced by, and against, such non-resident applies, to mortgages.

4. ———: ———: ———. If an action upon a note secured by mortgage is barred by the statute of limitations, an action for foreclosure of the mortgage is also barred. *Kyger v. Ryley*, 2 Neb., 20; *Webb v. Hoselton*, 4 Neb., 308.

APPEAL from the district court of Sarpy county. Tried below before LAKE, CH. J. The opinion states the case.

*C. A. Baldwin*, for appellant Dunnells.

It seems almost impossible to add anything by way of argument to the plain words contained in the proviso to section 17 of the civil code.

The plaintiff refers to section 20 for aid, and upon demurrer to his original petition amends so as to make the averments thereof correspond with that section, and to that end, proof was taken and is set forth in the bill of exceptions.

To defeat the statute of limitations, the plaintiff claims that the defendant was a non-resident of the county; and yet does not claim or pretend, but that he

could have brought his action at any time to foreclose, notwithstanding such absence. He now brings his action while the defendant is still such non-resident.

So far as the testimony is any way important, it shows that at the maturity of the note, and for a year thereafter, the defendant resided in Sarpy county.

The plaintiff's witness does not know what became of him afterwards.

The defendant's witness swears that he was occasionally in Sarpy county, but became a non-resident some year or more after the note became due.

So far as relates to the question of limitation the evidence will not affect the case.

A construction of Secs. 6 and 17 will determine the whole matter. The real question is as to the nature of the action.

Is it an action *in rem?* *In rem* is a technical term used to designate actions instituted against the thing in contradistinction to personal actions which are said to be *in personam.*

Proceedings *in rem* include not only those instituted to obtain decrees or judgments against property as forfeited in the Admiralty or the English Exchequer, as a prize, but also suits against property to enforce a lien. See 1 Greenleaf Evidence, § § 525–541; also, Bouvier's Law Dictionary.

This distinction has ever been recognized in our courts.

If, then, this be a proceeding to enforce a lien, a proceeding *in rem*, does not section 17 apply, and by express terms provide, that "absence from the state shall not operate to extend the time" within which, actions shall be commenced as fixed in Sec. 6, to-wit: ten years, and determine this case?

I make no appeal in behalf of the statute of limitations, as our courts are bound to recognize it as a legal

defense.   Nor will I cite authorities to sustain funda-
mental principles here involved.

The judgment below should be reversed.

*W. J. Connell*, for appellee.

The counsel for appellant, in this case, in submitting
his defense, proceeds entirely upon the theory that this
is exclusively an action *in rem*, and that section 6 refer-
red to, is the one applicable to this case.   In this, we
think, he is wrong.   Section 6 applies to the recovery of
the title or possession of lands, tenements, etc., limiting
the time within which such actions can be brought, to
ten years, and declaring that said section shall also be
construed to apply to mortgages.   This section was
amended February, 1869, in two particulars, as follows:
1st, by changing the time within which such action could
be brought, from *twenty-one* to *ten* years, and 2d, by
adding the last clause, "This section shall be construed
to apply also to mortgages."   Previous to the time of
the taking effect of this amendment, to-wit: July 1st,
1869, the section referred to, even though applicable so
far as the *time* within which actions could be brought
was concerned, would not affect *this* action, as such sec-
tion could not, without legislative enactment, properly
be held to apply to mortgages.

But, independent of this objection, we think, section
6 as amended, could not, in view of the evidence as
admitted, be held to apply to this action for the reason
that this action is clearly taken out of its provisions by
section 20, of the same title.

And we submit further that section 6, as amended, or
even before amended, could have no application to this
case, for the reason that the proper statute of limitation
governing this case is, that which relates to the time
within which an action may be commenced on a promise
in writing (promissory note), the note being the princi-

pal and the mortgage being only incident thereto. See *Kyger v. Ryley*, 2 Neb., 20, which expressly decides this point. Also see *Jackson v. Sackett*, 7 Wend., 94 and other cases referred to in opinion in *Kyger v. Ryley*, delivered by Mason, Ch. J.

If, then, we are correct in this position, the defense here sought to be made is utterly without foundation and cannot be sustained in law.

If the action upon the note was barred, could the action of foreclosure upon the mortgage be sustained, even though commenced within the ten years? We think not, and on this point, we think counsel for appellant will agree with us. How, then, if the action on the note be not barred, can the mortgagee be estopped from foreclosing his mortgage securing the same, and obtaining his rights thereunder by proper decree? Supposing a mortgage was given to secure a note due in one year, and time of paying principal upon payment of interest annually, was extended from year to year, for *twelve* years. Could it then be claimed that the statute of limitations had run against the *mortgage*, and therefore no decree of foreclosure could be rendered? We think not.

The evidence in this case clearly shows that the action on the note was not barred by reason of the absence of appellant from this state, and even had appellant resided in this state *constantly*, from the time of executing the note to the present, this action would not be barred.

The note matured August 31, 1859, and the law then in force relating to the limitation of such action was as follows: "An action upon a specialty, or any agreement, contract or promise in writing, can only be brought within fifteen years." Laws 1859, page 111.

No change was made in said law of 1859 until the revision of 1867, when such time was reduced to five years by section 10 of said title, and the *five* years then having already expired, such amendment could not affect the

rights of said parties, but the old law would continue in force.   See Angell on Limitations, fifth edition, section 22 and cases there cited.

It is very questionable if the appellee in this case. would be affected by the amendment of section 6, reducing time from twenty-one years to ten years, even if said section was held to apply to this case.   See *Wilson v. Richards*, 1 Neb., 342.

MAXWELL, J.

This is an action to foreclose a mortgage on certain real estate in Sarpy county.   The note was due and payable August 31, 1859.   The petition, in addition to the usual averments in an action of foreclosure, alleges that the defendant before the maturity of the note removed from the state and has continued to reside out of the state ever since.

The defendant demurred to the petition on the ground the the facts stated therein were not sufficient to constitute a cause of action.   The demurrer was overruled by the court.   The defendant then answered the petition alleging among other grounds of defense, that the cause of action did not accrue within *ten* years next before the commencement of the action.   Testimony was taken and a decree rendered in favor of the plaintiff.   The defendant appeals to this court.

The principle is well settled under our code that where it appears on the face of the petition that the cause of action arose at such a period that under the statute of limitations no action can be brought, the defendant may demur to the petition on the ground that it does not state facts sufficient to constitute a cause of action.   Section ten of the code of civil procedure provides that "an action shall be commenced within five years upon a specialty, or any agreement, contract, or promise in writing." The proviso to section seventeen, which took effect Sep-

tember 1, 1866, is "that the absence from the state, death, or other disability of a non-resident, save the cases mentioned in this section, shall not operate to extend the period within which actions *in rem* shall be commenced by or against such non-resident and his representatives."

What is an action *in rem?* In *Woodruff v. Taylor*, 20 Vt., 65, the Supreme Court of Vermont say: "The object and purpose of a proceeding *purely in rem* is to ascertain the right of every possible claimant; and it is instituted on an allegation, that the title of the former owner, whoever he may be, has become divested, and notice of the proceeding is given to the whole world to appear and make claim to it. From the nature of the case the notice is constructive only as to the greater part of the world." "But beside these, there is another class of cases, which may, perhaps, to some extent, be considered as proceedings *in rem*, though in form they are proceedings *inter partes*. An attachment of property in this state, where the court has jurisdiction of the property, but not of the person of the defendant, and a sale of it (or a levy upon it if it be real estate), on execution, is in the nature of a proceeding *in rem*."

The payment of a debt in obedience to the order of the court which issued the attachment, will protect the garnishee, not only against the defendant, but against third persons claiming under him, by an assignment made after notice was served on the garnishee.

While proceedings *in rem* appear originally in England to have been restricted to cases arising in the spiritual, admiralty, or prize courts, such as those relating to the revenue, condemnations of captured property, divorce and alimony, and probate of wills and letters of administration, it will not be contended that such restrictions prevail at the present time. In this country the courts have generally held proceedings *in rem* to include proceedings by creditors against the property of

their debtors. " In such cases, for all the purposes of the suit, the existence of the property so seized or attached within the territory, constitutes a just ground of proceeding to enforce the rights of the plaintiff to the extent of subjecting such property to execution upon the decree or judgment. But if the defendant has never appeared and contested the suit, it is to be treated to all intents and purposes as a mere proceeding *in rem*, and not as personally binding on the party as a decree or judgment *in personam;* or in other words, it only binds the property seized or attached to the extent thereof." Story's Conflict of Laws, Sec 549; *Andrews v. Herriot*, 4 Cowen, 520, note; *Holmes v. Rawson*, 20 Johns., 229; *McDaniel v. Hughes*, 3 East., 336.

This action, so far as it is sought to subject the mortgaged property to the payment of the debt, is clearly a proceeding *in rem*, and more than five years having elapsed after the law took effect, before the commencement of the suit, the action is barred by the statute of limitations.

In *Kyger v. Ryley*, 2 Neb., 20, this court held that if a recovery upon a note secured by mortgage, is barred by the statute of limitations, an action for foreclosure of the mortgage is also barred; the demurrer to the petition, therefore, should have been sustained.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.