JOHN B. DE NAYER, PLAINTIFF IN ERROR, v. STATE NATIONAL BANK, DEFENDANT IN ERROR.

Negotiable Instruments: LIABILITY OF INDORSER. One C. being indebted to D. drew a draft upon C. D. G., of St. Louis, for the amount of the debt, payable in thirty days from date, and delivered the draft to D., who placed the same in a bank for collection. Before the maturity of the draft D. was notified that it had been paid and drew out a portion of the money. C., who was insolvent, upon being notified of the payment of the draft, called at the bank before the maturity of the draft, and ex-

pressed surprise at its payment before maturity, and stated to the officers of the bank that he was anxious to protect the draft, and that if it was not paid that "he had some money which he intended to keep for the protection of the draft;" he was informed that it had been paid. Afterwards it was discovered that the draft had not been paid. *Held*, that as D. had lost no rights against C., in consequence of the mistake, that the bank was entitled to recover.

ERROR from Lancaster county district court. The facts appear in the opinion.

*M. H. Sessions*, for plaintiff in error.

It is admitted that when a bank pays out money through mistake that it can, under ordinary circumstances, recover the same back. It is however contended, that when the party receiving the money has no means of knowing whether the bank has made a mistake or not in paying the money, and receives the money in good faith, relying wholly upon the action of the officers of the bank, that if the party so receiving the money is in any way damnified or injured by the mistake, the bank would be estopped from setting up its mistake to the injury of the party receiving the same, and that as between the parties in such a case he who makes the mistake must suffer the consequences of the same. *Mead's Receiver, etc., v. Bank*, 25 N. Y., 143. *The Irving Bank v. Wetherald*, 36 N. Y., 335. It appears that DeNayer has failed to receive the money from Childs by the mistake of the bank, and that is enough to have entitled DeNayer to a verdict in the court below. Morse on Banks and Banking, 83, 288. *Salem Bank v. Gloucester Bank*, 17 Mass., 24 to 28. *Gloucester Bank v. Salem Bank*, 17 Mass., 41. *Andrews v. Suffolk Bank*, 12 Gray, 461. *Levy v. Bank*, 4 Dall., 223. *Levy v. Bank*, 1 Binney, 27.

*Brown, Marshall & Brown*, for defendant in error.

I.   The principle that money paid through mistake of facts can, under ordinary . circumstances, be recovered, is too well established to require a citation of authorities for its support, and it is admitted by the attorney for the plaintiff in error in his brief.   The ground on which this principle rests is, that money paid through misapprehension of facts, without any consideration therefor, in equity and good conscience, belongs to the party who paid it, and cannot be retained by the party receiving it, consistently with a true application of the real facts to the legal rights of the parties.   It follows, therefore, that the fact that the party paying had the means of knowledge at his command, does not affect his right to recover.   *Appleton Bank v. McGilvray*, 4 Gray, 518–522.   *Lawrence v. Am. Nat. Bank*, 54 N. Y., 432.   *Kelly v. Solari*, 9 Mees & Wels, 54–58.   *Kingston Bank v. Eltinge*, 40 (1 Hand) N. Y., 391.   *Nat. Bank of Commerce v. Nat. Mc'h's Bank Association*, 55 N. Y., 213.   2 Smith Lead. Cas. (Marg.), 403, and cases there cited.

II.   The only remaining ground upon which it can be claimed that there is error in the proceedings in the court below is that the defendant in error is estopped, under the circumstances of the case, from setting up that the money was paid to DeNayer in the honest belief that the draft had been accepted and paid.   But before a party is estopped from disproving his declarations or admissions, it must appear that the party to whom they were made has acted on them, and that he would be injured by their denial.   Herman on Estoppel, p. 337, 338, *et seq.*   *Delzell v. Odell*, 3 Hill, 215. *The Welland Canal Co. v. Hathaway*, 8 Wend., 480. *Ryder v. Commonwealth Ins. Co.*, 52 Barb., 447.   Accordingly the bank can recover of DeNayer, unless his power to enforce collection of Childs, or to secure him-

self from loss, has been diminished in consequence of the mistake of the bank.    *The Union Nat. Bank v. Sixth Nat. Bank*, 43 (4 Hand.) N. Y., 452.    *The Nat. Bank of Commerce v. Nat. Mch's Bank Association*, 55 N. Y., 211.    Morse on Banks and Banking, p. 288. *Appleton Bank v. McGilvray*, 4 Gray, 518–523.    *Irving Bank v. Wetherald*, 36 N. Y., 335. ·  *Tybout v. Thompson*, 2 Browne (Pa.), 27.    There is nothing whatever in the record which shows that DeNayer has in any way been injured, or his ability to collect the debt of Childs in any respect impaired, in consequence of the mistake of the bank.

MAXWELL, CH. J.

On the sixteenth day of December, 1875, one E. P. Childs being indebted to the plaintiff herein in the sum of $170.00, drew a draft upon C. D. G., of St. Louis, for that amount, payable in thirty days from date, and delivered the draft so made by him to the plaintiff, who on the same day delivered said draft to the State National Bank for collection.

On or about the seventh day of January, 1876, the plaintiff was informed by Owen, the president of the bank, that the draft had been accepted and paid.   The plaintiff thereupon drew out of the bank of defendant the sum of $105.00, and on the twelfth and fifteenth days of that month the balance of said draft.

On or about the tenth day of January, 1876, and apparently after the payment of the $105.00 to the plaintiff, Childs, who was then insolvent, called at the bank and made inquiry in regard to the draft, and was informed that it had been accepted and paid, at which he expressed some surprise that it should have been paid before maturity.   He states in his testimony that he was anxious to protect the draft and had the money

at that time to pay it in case of its non-acceptance or non-payment, and so notified Owen. On the nineteenth of January, 1876, the draft was returned unpaid, and notice of its non-payment given to the plaintiff and Childs.

In an action by the bank to recover the amount paid to De Nayer on said draft, he answered, setting up the inquiry and offer of Childs, above set forth, as a defense. The court below directed the jury to find in favor of the bank. A verdict having been rendered in favor of the bank for $170.00, with interest from January nineteen, 1876, judgment was rendered thereon, to review which the defendant brings the cause into this court by petition in error.

The only question for our consideration is, does the matter pleaded and proved by the plaintiff in error constitute a defense to the action?

In *Piper v. Gilmore*, 3 Am., Law Reg., N. S. 584, certain notes payable to A. were by him deposited with B., as security for his indebtedness to B. C., being anxious to collect a claim held by him against A., made inquiry of B. as to the notes, without informing him of the purpose of the inquiry. B. replied that the notes belonged to A. The money due on the notes was taken by C. in an attachment at the time of its payment. It was held that these facts did not constitute an estoppel *in pais* to prevent B. from claiming the money due him upon the notes.

The rule is well settled that a statement, to become binding upon the party making it, must be made to a party seeking information for the protection of his rights, and he must have acted upon it before it will become conclusive upon the party making it. Had the plaintiff in error, in consequence of the mistake of the bank, released sureties upon the obligation, or had he been induced to change his relations to Childs, so that

the claim would be lost in consequence thereof, as between two innocent parties the bank would be required to sustain the loss. But nothing of the kind is pleaded or attempted to be proved. As it is clear that the plaintiff has lost no right, nor been induced to change his condition in consequence of the mistake of the bank, the testimony offered by him constitutes no defense to the action, and the court therefore did not err in directing a verdict for the bank. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.