SHAFFER & STUMP, PLAINTIFFS IN ERROR, V. WM. McK. MADDOX, DEFENDANT IN ERROR.

1. **Practice:** MOTION TO STRIKE OUT COUNTS IN PETITION. The petition stated but one cause of action, but was divided into paragraphs and numbered from one to four inclusive. *Held*, that a motion "to strike out the first, third, and fourth *counts*, for the reason that neither of them contains a cause of action," etc., was properly denied.

2. **Banks:** BANK CHECK: NOTICE. Action on bank check against the drawee. The jury by special verdict found that the drawers had no funds in the bank at the time of the presentation of the check. *Held*, that the drawers were not released from liability on the check by reason of the failure of the holder to notify them of the non-payment of the check by the bank.

3. **Evidence:** PETITION IN ERROR: MOTION FOR NEW TRIAL. To entitle a party to a review of the rulings of the court below on the admission or rejection of testimony, it is necessary that the alleged errors should be specifically pointed out, not only in the petition in error, but also in a motion for a new trial in the court below.

ERROR to the district court for Richardson county. The petition filed in the action is as follows:

The said plaintiff complaining of said defendants for cause, states:

*First*, That on or about the first day of October, A.D. 1877, the said plaintiff sold and delivered to said defendants, Francis Shaffer and John Stump, co-partners as above, goods and chattels at the said defendants'

special instance and request, for the sum of eighty-seven and ninety-four-one-hundredths dollars ($87.94), no part of which has been paid, and said defendants, Shaffer and Stump, fraudulently representing to said plaintiff that they had funds in the banking house of said C. L. Keim, deft., to pay said sum, fraudulently drew a check on said bank to pay said sum, well knowing that they had no funds in said bank, and that the said check would not be paid by said bank or said defendant, C. L. Keim, on whom the check was drawn, who was the owner and controller of said bank, called the Falls City Bank, combining and conspiring together to swindle and cheat the plaintiff of his said property, made said check. The said check was in words and figures following, to-wit:

"October 1st, 1877. Falls City Bank, pay to William McK. Maddox or bearer eighty-seven and ninety-four-one-hundredths dollars ($87.94).

"SHAFFER & STUMP.

*Second,* The said check was duly and promptly presented to said defendant, C. L. Keim, on whom the same was drawn, for payment, and said check was not paid, and there were no funds of said Shaffer and Stump in said bank to pay the same, and said C. L. Keim, fraudulently combining with said defendants, Shaffer and Stump, over the objections of this plaintiff, and against the request and desire of this plaintiff, and in furtherance of said fraud first above referred to, took the check and wrote the words "Accepted, C. L. Keim, Oct. 1st, '77," as he said, to become their security only for said sum, and handed the same back to this plaintiff; and said C. L. Keim thereby promised to pay this sum above named to this plaintiff. There was no legal acceptance on said check, and was only as security as averred and in fraud of this plaintiff.

*Third,* The said defendants, Shaffer and Stump, were duly notified of the non-payment and dishonor of said check, and on divers times after the full and complete notice of the dishonor and non-payment of said check the said Shaffer and Stump did promise and re-obligate themselves to pay to this said plaintiff, for said goods ·so sold and delivered to them, the said sum of eighty-seven and ninety-four-one-hundredths dollars ($87.94).

*Fourth,* All of which they have failed to do or cause to be done, and no part of said sum has ever.been paid to this plaintiff by any of said defendants or any person ·for them. And there is now justly due and owing from said defendants to this plaintiff, for said goods and chattels so sold and delivered as above, the said sum of eighty-seven and ninety-four-one-hundredths dollars ($87.94), and interest thereon from October 1st, 1877, at the rate of ten per cent per annum, and for all of which this plaintiff asks judgment against said defendants and for costs.

A demurrer of the defendants to this petition having ·been overruled, they answered denying their indebtedness, and upon these pleadings and the evidence the cause was tried before WEAVER, J., at the March term, 1878. The jury returned the following verdict:

"We, the jury impaneled and sworn in the above entitled cause, find all the issues in favor of the said plaintiff, William McK. Maddox, and against said defendants, and we find that said plaintiff should recover of said defendants the sum of ninety-one dollars and eighty-nine cents, and so we all say.

"Did the defendants Shaffer and Stump have any money in the bank on which the check in favor of the plaintiff was drawn at the time said check was presented by the said plaintiff, and if so how much? Answer. No.

"Did the defendant, C. L. Keim, sign the check in

question as surety, and did said Keim agree with the plaintiff that his signature should hold him, said Keim, as surety? Answer. ·Yes."

*Isham Reavis* and *A. R. Scott*, for plaintiffs in error.

Shaffer & Stump, on the first day of October, 1877, executed and delivered to defendant in error their bank check, and on same day defendant in error presented the same to the Falls City Bank, the drawee, and C. L. Keim, who was then conducting and operating said bank, wrote on the face of check "Accepted, Oct. 7, 1877," and then delivered the same to defendant in error, and took and kept the possession of the same until the suspension of the bank, without notifying said plaintiffs in error that the check was not paid.

We contend that by defendant in error taking the bank's certification of the check and acquiescing in the same until the suspension of the bank, that plaintiffs in error, Shaffer & Stump, were discharged from all liability thereon; the certification or acceptance of the bank operated as a release or payment as to the drawers, and that they were no longer liable on the check. *Smith v. Miller*, 43 N. Y., 176.   *Claflin v. Farmer's and Citizen's Bank*, 25 N. Y., 300.   *The First National Bank of Jersey City v. Leach*, 52 N. Y., 350.   *Essex County Bank v. Bank of Montreal*, 15 American Law Register, 418.   Morse on Banking, 282.   2 Daniels on Negotiable Instruments, 529.   2 Parsons on Notes and Bills, 74.   Defendant in error, by taking the certification of C. L. Keim, substituted C. L. Keim in the place of plaintiffs in error, Shaffer & Stump, as his debtor. *Meads v. Merchants Bank of Albany*, 25 N. Y., 148.   2 Daniels on Neg. Inst., 526.

It was the duty of the holder to present to the bank for payment, and only for payment, and notify the

drawers of its dishonor to fix their liability.  *Dolph v. Rice*, 18 Wis., 397.  *Essex County National Bank v. Bank of Montreal*, 15 American Law Reg., 420.  2 Daniel on Neg. Inst., 527, sec. 1604.  The holder of a check waives his right to immediate payment by asking for or even accepting the offer of certification by the bank. It follows that the drawers are released.  Morse on Banking, 282.

*Clarence Gillespie*, for defendant in error.

It is fraud in a party to draw a check on a bank in which he has no money.  He is not entitled to notice of non-payment.  They have no right to have even the check presented.  A check is the representative of cash in the bank which the drawer undertakes to assign to the holder of the check.  If he has not the cash there, it is obtaining goods under false pretenses to give the check, and at once ship the hogs off, as was done in this case.  2 Dan Neg. Inst., 520.  *Fitch v. Redding*, 4 Sandf., 130.

When these plaintiffs bought these hogs they agreed to pay for them, and the giving of a check on the bank that had no funds for the plaintiffs is no payment.  A check is not money; it is but the representative of money in bank.  8 Pick., 1.  2 Pick., 204.  11 Metcalf, 44.  4 Johns., 296.  Chitty on Bills, 389 and 390 and notes.  5 Ohio St., 13.  11 Ohio St., 29.  14 Kas., 165. 16 Kas., 546.

COBB, J.

The first error assigned is as follows: "The court erred in overruling the motion of defendants below (plaintiffs in error) to strike out the 1st, 3d, and 4th counts of the petition."  Upon examination of the

record, I find that it contains but one count or cause of action. True, for some reason not very apparent, the pleader seems to have divided and numbered the same into four paragraphs. But these paragraphs cannot be considered as separate counts (even if such a thing as a "count" exists under the code practice). Neither one of them purports to state a cause of action perfect in itself, and all are necessary to the full statement of the cause of action sought to be pleaded. It is probable that a motion to require this pleading to be made more definite and certain would have been sustained, but the motion made was properly overruled.

The second error assigned is, that the "court erred in overruling the demurrer to the petition," etc. By reference to the demurrer I find that it contains three grounds of demurrer. 1st. "Because there is more than one cause of action stated in said petition which are incongruous, conflicting, and contradictory." 2d. "That said petition does not state facts sufficient to constitute a cause of action against the defendants, Shaffer & Stump." 3d. "Because there is a misjoinder of parties defendant," etc.

As above stated, the petition does not contain but one cause of action. The statement of the sale and delivery by the plaintiff below of goods and chattels to the said Shaffer & Stump, to the amount of $87.94, is only inducement to the after statement of the making and delivery of the check sued on, and to show the consideration for which the check was given, and cannot be considered as the statement of a separate cause of action. As to the second ground, I think that the petition does state facts sufficient to constitute a cause of action against all of the defendants; and as to the 3d, the above view disposes of that objection also.

As to the point that the court erred in admitting illegal testimony offered by the plaintiff below, and

allowing the same to go to the jury over the objections of the plaintiff, as well as the other point, that "the court erred in excluding from the jury proper and legal evidence offered by defendants below to sustain their part of the issues in said cause," it is perhaps sufficient to say that both of said points seem to have been substantially abandoned by the plaintiffs in error.

It has been repeatedly held by this court that "to entitle a party to a review of the ruling of the court below on the admission or rejection of testimony, it is necessary that the alleged error should be specifically pointed out, not only in the petition in error, but also in the motion for a new trial in the court below." *Cropsey v. Wiggenhorn*, 3 Neb., 108. *Gibson v. Arnold*, 5 Neb., 186. *Scofield v. Brown*, 7 Neb., 221. *Lowrie v. France*, Id., 191. *Tomer v. Dinsmore*, 8 Neb., 38, and authorities there cited.

But one error of the above character is pointed out in the motion for a new trial, which is as follows: "That the court in the trial of this cause erred in rejecting the evidence offered by the defendants, Shaffer & Stump, to prove that they were damaged by reason of the said plaintiff neglecting to give notice of the non-payment of the said check before the suspension of the Falls City Bank."

The jury by their special verdict found that the defendants, Shaffer & Stump, had no money in the bank on which the check in favor of plaintiff (below) was drawn at the time said check was presented by the plaintiff. There was evidence to sustain this finding, and it is clear from the evidence that the check was presented for payment at the bank, almost immediately after it was delivered to defendant in error by plaintiffs in error. Under these circumstances plaintiffs in error were not entitled to notice of the non-payment of the check. But if they had had funds in the bank, in

which case the defendant in error would have lost his remedy against them by failing to notify them of the non-payment of the check, even then the nominal and technical damages which they would be considered to have sustained by reason of their not having received notice of the non-payment of the check would only have gone to the extent of relieving them from liability on the check, and would have been a question of law and not of fact. But it would have been sufficient to have said of this point that no foundation for such evidence was laid in the answer of the defendants be-. low. Such testimony was properly rejected.

I have examined the instructions given in charge to the jury at the request of the plaintiff below, as well as those requested by defendants below and refused, the giving and refusing of which respectively are complained of by the plaintiff in error, and find no error in the action of the court below in either of these respects.

The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.