LYDIA A. MERRIAM, ADMINISTRATRIX, ETC., PLAINTIFF IN ERROR, V. RICHARD H. MILLER AND OTHERS, DEFENDANTS IN ERROR.

1. **Limitation of Actions.** When it appears on the face of the petition that the cause of action arose at such a period that, under the statute of limitations, no action can be maintained thereon, the defendant may demur to the petition on the ground that the facts stated therein are not sufficient to constitute a cause of action. *Peters v. Dunnells*, 5 Neb., 460.

2. ———: COUNTY TREASURER'S BOND. An action on the bond
of a county treasurer is barred by the statute of limitations after
the lapse of ten years from the time the cause of action accrued.

ERROR to the district court for Otoe county. Tried be-
low before HAYWARD, J.

*Charles W. Seymour,* for plaintiff in error.

*John C. Watson,* for defendant in error.

COBB, J.

The petition in the court below contained five causes of
action. The plaintiff is the executrix and sole heir at law
of Selden N. Merriam, deceased. The defendant, Richard
H. Miller, is an ex-county treasurer of Otoe county; Ne-
miah S. Harding, Samuel Tate, L. F. Cornutt, Leopold
Levi, Vincent Straub, Albert Tuxbery, and William
Bischof were securities on his official bond. Vincent
Straub has deceased, and David Straub is sued as his ad-
ministrator.

The petition alleges that on the 17th day of June, 1874,
L. F. D'Gette (who afterwards sold and delivered the tax
certificate to said S. N. Merriam) purchased of the defend-
ant, Richard H. Miller, as county treasurer of Otoe county,
at private tax sale, the south-east quarter of section 31 in
township 9 of range 13, for the delinquent taxes of the
years 1861 and 1862.

On the 16th day of June, 1876, C. H. Van Wyck com-
menced an action in equity in the district court of Otoe
county against Selden N. Merriam and others, the cause of
such action being that he, the said C. H. Van Wyck, was
and had been the owner and in the possession of the lands
set out in the first cause of action described in the petition
in the case at bar during the years 1861, 1863, and 1875;
that the same was taxed to him and in his name; that the

sale thereof for said taxes by the county treasurer was void for the reason that at the time said taxes for the year 1875 were due, and at all times thereafter up to the date of said sale, the said C. H. Van Wyck had owned in his own name in Nebraska City, Otoe county, an abundance of personal property sufficient to pay the said taxes for the said year, and out of which the said taxes could have been made by distress and sale by the said treasurer, but that said treasurer made no attempt to collect the said taxes for the year 1875 by the distress and sale of said property of said C. H. Van Wyck, but sold the said property to the assignor of said Merriam without first attempting to make said taxes out of the said personal property of said C. H. Van Wyck.

The said lands were sold to Merriam's assignor for the taxes of 1861 and 1862, on the 17th day of June, 1874, and it appears from the petition in the case at bar that the lands were not sold at all for the taxes of the year 1875, but that "on the 11th day of January, 1876, S. N. Merriam paid to said county treasurer of said county the tax due the county and state of Nebraska on said property for the year 1875, amounting to the sum of $95.96." Said payment was made by Merriam under the provisions of the statute (Comp. Stat., Ch. 77, Sec. 116), he being the holder of the certificates for the taxes of the years 1861 and 1862. There is also an allegation under this head, "that the assessors for Nebraska City precinct, in said county of Otoe, did not make a return to the county clerk of said county at the time and in the manner required by law of the taxable property in said precinct for the years 1861, 1862, and 1875, and did not take and subscribe the oath required by law to be taken by assessors, and attach the same to their assessment rolls; that said real estate was not advertised for sale by the county treasurer." There was a final decree entered in said court at the December term, 1876, canceling all of said taxes, etc.

The second cause of action alleges the sale by the said county treasurer of a certain quarter section of land therein described, for the delinquent taxes of the year 1872, to one J. P. Mathias. Said sale took place on the 17th day of September, 1875, and said Mathias afterwards assigned the certificate of sale to plaintiff's testator, but before doing so he paid to said treasurer, under the provisions of statute hereinbefore referred to, the taxes on said land for the years 1873 and 1875; that on the 13th day of February, 1876, the Sullivan Savings Institution commenced an action in the said court against said J. P. Mathias and others for the purpose of setting aside and cancelling the certificate of said sale and of enjoining the treasurer of said county from executing a tax deed thereon to S. N. Merriam, assignee of said Mathias, on the ground that the said Sullivan Savings Institution was the owner of said land for all of said years and during all of said time had and owned in its own name in said county of Otoe sufficient personal property out of which said taxes could have been made by distress and sale, etc. Also that the assessors of the precinct where said land was situated did not make and subscribe and attach to their assessment rolls for the year 1875 the oath required by law; that the said land was not advertised for sale for the non-payment of taxes for the year 1872 at the time and in the manner required by law, etc., and that the said treasurer did not make a return to the county clerk of the real estate sold in the year 1872, etc.; that at the March term of said court for the year 1877 a decree was rendered in said cause canceling said certificates and enjoining the making of a deed thereon.

For a third cause of action: That on the 17th day of September, 1875, the said county treasurer sold to said J. P. Mathias at private tax sale, for the delinquent taxes of the years 1871, 1872, 1874, 1875 (?), and 1876 (?), and issued to him a certificate therefor, which certificate the said Mathias assigned to the said S. N. Merriam; that on the

8th day of September, 1877, one Phebe Howard commenced an action in said court against the said S. N. Merriam and others for the purpose of canceling said certificates and enjoining the then treasurer of said county from executing a tax deed thereon. The grounds of illegality of said sale were the same as those set up in the preceding causes of action, with the addition of the following: "That the county clerk of Otoe county for the year 1871 did not prepare a duplicate tax list of the property of said county for said year and deliver the same to the county treasurer at the time required by law, and that the said treasurer of said city, nor did the tax collector for the said city, on or before the 15th day of July, 1871, 1872, 1873, 1874, 1875 (?), and 1876 (?), prepare a delinquent tax list of the delinquent taxes in said city for the said years, or transmit the same to the county treasurer of said Otoe county on or before the 15th day of July, 1871, 1872, 1873, 1875, and 1876." The same final decree was rendered as those set out in the other causes of action.

The fourth cause of action alleges that on the 14th day of July, 1874, the said county treasurer sold at public tax sale for the delinquent taxes of the year 1860, to one L. F. D'Gette, a certain tract of land therein described, and issued to him a certificate of sale therefor; that said D'Gette then paid the treasurer the delinquent taxes on said land for the years 1861 and 1869, amounting to the sum of $95.54; that on the 11th day of January, 1876, the said S. N. Merriam, assignee of said D'Gette, paid to said county treasurer $24.98, the delinquent taxes for the year 1875; that on the 21st day of June, 1876, one Amsdell Sheldon commenced an action in said court against said S. N. Merriam and others, the object of which was to cancel the said sale and certificate, and enjoin the treasurer of said county from executing a tax deed thereon. The grounds of illegality set out are substantially the same as in the other causes of action except the third. On the 17th

day of December, 1877, a decree was rendered in said cause in all respects the same as in the other cases.

The fifth cause of action I copy at length, from the petition.

· "Fifth cause of action:

"And this plaintiff further alleges that on the 31st day of July, A.D. 1882, that the S. N. Merriam, during his lifetime commenced an action in this court in equity, wherein the said S. N. Merriam was plaintiff, and John Dill, John A. Dill, and the Chicago Lumber Company, were the defendants, the object of the said action was to recover the delinquent taxes then there due, and payable to the said S. N. Merriam, paid by him on the following described real estate, to-wit:

"Lots 4, 5, 6, block 75, Nebraska City, Otoe county, Nebraska, for the years 1874, 1875, 1876, 1878. That on the 19th day of April, 1883, being one of the days of the April term of this court, a trial of said action was had, wherein the said Selden N. Merriam was plaintiff, and John A. Dill and John Dill, and the Chicago Lumber Company, were defendants, and a decree was rendered therein against this plaintiff, setting aside the special cash, 2 mills, val. 4,100, $8.20, 1875, and interest 12 per cent, 6 yrs., 11 mo., 17 da., $15.39. Special road tax, $10.20 1875; spec. cash, 2 mills val. $3,000, $900, 1876; spec. bridge, $9.00, 1876, and 12 per cent interest on 5 yrs., 11 mo., 17 da., $12.90, $8.20, $10.20, $18.40, declaring them void and setting aside and canceling said tax of 1875 and 1876, declaring them void and of no effect. 1874, special road tax, $13.78, interest 12 per cent., 7 yrs., 11 mo., 17 da., $11.00. 1878, special bridge, $5.25, interest, 3 yrs., 11 mo., 17 da., $2.43. Total amount, $97.20; that by reason of the fact aforesaid, the plaintiff has been damaged in the sum of $97.20, with interest thereon, from Sept. 8th, at 40 per cent per annum."

There was a general demurrer to the petition, which was

sustained by the court, and the plaintiff declining to plead further, judgment was rendered for the defendants.

The cause is brought to this court on error by the plaintiff.

The errors assigned are:

1. For sustaining the demurrer to the petition.

2. For not overruling the demurrer; and

3. For rendering judgment for the defendants.

As the contention of plaintiff in error seems to be directed in some degree to the form of the demurrer of defendants, I here set it out at length:

"The defendants, R. H. Miller, N. S. Harding, S. Tate, L. F. Cornutt, L. Levi, David Straub, and William Bischof, demur to the 1st, 2d, 3d, 4th, and 5th counts of the petition of the plaintiff, because the facts stated therein are not sufficient to constitute a cause of action against the defendants.

"J. C. WATSON,
"Attorney for Defendants."

I do not think its form objectionable as a general demurrer.

In the case of *Peters v. Dunnells*, 5 Neb., 460, the court, in the opinion, say: "The principle is well settled under our code, that where it appears on the face of the petition that the cause of action arose at such a period that under the statute of limitations no action can be brought, the defendant may demur to the petition on the ground that it does not state facts sufficient to constitute a cause of action."

The writer of the above opinion, in his work on Pleading and Practice, says: "The codes of New York, North Carolina, South Carolina, and Wisconsin provide that the objection that the action was not commenced within the time limited can only be taken by answer. Bliss on Code Pl., § 355. In those states, therefore, a demurrer is not available to raise the question of the bar. But in the ab-

sence of a statute to the contrary, the rule is, that if it appears on the face of the pleading to which a demurrer is filed that the action is barred, a demurrer will lie upon the ground that the pleading fails to state cause of action. If the defendant fails to demur he may plead the statute in bar, and he must do so, unless he intends to waive the protection of the limitation." Citing: *Sturgis v. Burton*, 8 O. S., 215. *Huston v. Craighead*, 23 Id., 198. *Zane v. Zane*, 5 Kan., 134. See Maxwell's Pleading and Practice, 79.

We must hold, therefore, that a general demurrer, such as pleaded in the case at bar, and copied above, will raise and present the question, whether the cause of action set out in the pleading demurred to arose within the time before the commencement of the action limited by the statute applicable thereto.

This brings us to the consideration of the question, when did the several causes of action arise, as set out in the petition, and when did the statute of limitations commence to run thereon ? We have seen that the sale of C. H. VanWyck's land by Miller, the principal defendant, in his official character as county treasurer, was on the 17th day of June, 1874. This sale constitutes the first cause of action. It is true that on the 11th day of January, 1876, the said S. N. Merriam, assignee of the certificate of such sale, paid subsequent taxes on said land, but such payment was merely subsidiary to the original purchase, and augmented his claim thereunder, but constituted no separate cause of action. The sale of the lands of the Sullivan Savings Institution took place on the 17th day of September, 1875. This sale constitutes the second cause of action. The sale of land of Phebe Howard took place on the 17th day of September, 1875, and as this sale is alleged to have been made for the taxes of the years 1871, 1872, 1873, 1874, 1875, and 1876, there is no allegation of the payment of either prior or subsequent taxes there-

under. The said sale constitutes the third cause of action.

The sale of the lands of Amsdell Sheldon took place on the 14th day of July, 1874. The purchaser, and assignor of plaintiff's testator, paid the prior taxes thereon for the years 1861 and 1869, and the subsequent taxes for the year 1875, but these payments, as we have seen, were merely ancillary to the original purchase, and give no new date to the cause of action founded thereon. Even if they did, these transactions all occurred more than ten years before the commencement of the action.

This sale constitutes the fourth cause of action.

This is an action on the official bond of a county treasurer. It was commenced on the 16th day of August, 1886. We have seen that each one of the 1st, 2d, 3d, and 4th causes of action arose more than ten years before that date.

It is deemed unnecessary to follow the discussion of counsel in the briefs as to the section or clause of the statute under the provisions of which this case falls. It is deemed sufficient to say that ten years is the longest period of time mentioned in our statute of limitations within which any action can be commenced after the cause of action accrues. And that, except in the specially excepted cases of the disability of the plaintiff to sue, and concealed frauds, all actions are barred after the lapse of ten years from the accruing of the cause of action. It necessarily follows that the demurrer was properly sustained as to the first four causes of action. Code, sec. 14.

I doubt that I understand what the pleader sought to set out as the *fifth* cause of action. It alleges the commencement of an action by the plaintiff's testator in his lifetime against John Dill, John A. Dill, and the Chicago Lumber Company for the purpose of recovering " the delinquent taxes then and there due and payable to the said S. N. Merriam, paid by him" on certain lots set out by number in the city of Nebraska City for the years 1874, 1875, 1876, and 1878. That a trial was had in said action

in which a decree was rendered against the said S. N. Merriam, plaintiff, setting aside certain taxes therein specified by name and amount, and "that by reason thereof the plaintiff has been damaged in the sum of $97.20, with interest thereon from Sept. 8th at 40 per cent per annum."

It is sufficient to say of this cause of action that it in no manner connects the defendants, or either of them, with either the lawsuit therein referred to or the sale of the lots for the taxes specified. The demurrer was, therefore, properly sustained as against said *fifth* cause of action.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.