A. E. ALEXANDER V. IRA A. MEYERS ET AL.

33 773
41 199
33 773
53 159
33 773
57 615

[FILED JANUARY 20, 1892.]

1. **Statute of Limitations:** MUST BE SPECIALLY PLEADED. In an action to foreclose a tax lien for taxes paid in 1872, 1873, and 1874, the court below found the tax deeds void, and rendered a decree for the taxes and interest. One of the defendants filed no answer, and the other attempted to plead adverse possession but failed to allege that he had been in the exclusive possession of the property. *Held,* That the statute of limitations must be pleaded either by demurrer or answer, or its protection will be waived.

2. **Review.** No error appearing in the record the judgment is affirmed.

APPEAL from the district court for Cass county. Heard below before FIELD, J.

*Wm. L. Brown,* for appellant, cited: *Parker v. Mathewson,* 21 Neb., 547; *Helphrey v. Redick,* Id., 83; *D'Gette v. Sheldon,* 27 Id., 829; *Alexander v. Wilcox,* 30 Id., 793.

*S. P. Vanatta, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Cass county to foreclose a tax lien on lots 15, 17, and 18, in

Stadleman's addition to the city of Plattsmouth. It is alleged that the taxes were paid for the years 1872, 1873, and 1874. The defendant Billings filed an answer as follows:

"Comes now the defendant in the above entitled cause and for his separate answer to the petition of the plaintiff filed herein states that he is the owner in fee simple of the following described real estate set out in plaintiff's petition; admits that the pretended deed mentioned in plaintiff's petition as the one executed by the treasurer of Cass county, Nebraska, to said Merriam, failed to convey the title to said lots as alleged in plaintiff's petition, and alleges that neither said Merriam nor his grantees ever had or acquired any title to said lots by reason of said pretended deed; denies that plaintiff has any right or title to, or lien upon said lots.

"This answering defendant for a further defense to plaintiff's petition alleges that at the time of said pretended sales and each of them, this defendant was the owner in fee simple of the real estate described in this separate answer, and that before, at, and subsequent to the time of said sales, and each of them, this defendant had in the county where said land is situated a sufficient amount of personal property that could have been distrained and sold for such taxes.

"This answering defendant, for a further defense to said petition, alleges that he has been in the actual, open, notorious, continuous, and adverse possession of said premises and the occupancy thereof for more than ten years last past prior to the filing of plaintiff's petition, and more than ten years elapsed between the execution of said pretended tax deed or the commencement of this action."

It will be observed that Billings does not allege that he had been in the exclusive possession of any of the property, and there is no description of the lots he professes to own.

There is no answer of Meyers in the record.

On the trial of the cause the court below found that Meyers was the owner of lot 15 and Billings of lots 17 and 18 in said addition.   The court also found that there was due the plaintiff the sum of $183 for taxes and interest thereon, and allowed $18 as an attorney's fee, and declared the same a lien on the land, and ordered the payment of said sum in ninety days or said lots should be sold.

It will be observed that there is no plea of the statute of limitations except that an action for the recovery of the land is barred, and all that is there alleged may be true and still the action not be barred, as it is not alleged that the defendant Billings had the exclusive possession.   It is well settled that the objection that an action is barred by the statute of limitations must be raised either by demurrer or answer or it will be waived. (*Towsley v. Moore*, 30 O. St., 195; *Sturges v. Burton*, 8 Id., 215; *McKinney v. McKinney*, Id., 423.)   As to Moore, there is no attempt to plead the statute; and as to Billings, the plea is insufficient.   The judgment is therefore

AFFIRMED.

THE other judges concur.