## L. K. SCROGGIN v. NATIONAL LUMBER COMPANY.

FILED JUNE 6, 1894.    No. 4742.

1. **Error Proceedings:** REVIEW: MOTION FOR NEW TRIAL. Errors alleged to have occurred upon the trial of a case in the district court will not be reviewed here on petition in error, unless the record discloses a motion for a new trial in the district court and a ruling thereon. This rule applies as well to equity cases brought here by petition in error as to cases at law.

2. **Mechanics Liens:** LANDLORD AND TENANT: COST OF IMPROVEMENTS: RATIFICATION. Where a tenant erects buildings upon leased property without authority from the landlord, and

the landlord afterwards acknowledges the expense of erecting such buildings as a proper charge by the tenant against him, and settles with the tenant upon that basis, such facts constitute a ratification of the tenant's acts, and render the landlord's estate subject to a mechanic's lien arising out of such improvements.

3. ——: ——: ——: Payment. In such case the payment by the landlord to the tenant of the cost of the improvement does not defeat the lien.

4. Limitation of Actions: Pleading. The defense of the statute of limitations, if not raised either by demurrer or answer, is waived, and when sought to be raised by answer, in order to preserve the defense, the answer must be good against demurrer.

5. ——: ——. An answer alleging merely that the action was not brought within the time required by law, or until after the lien had expired by lapse of time, states conclusions merely and is insufficient.

Error from the district court of Nuckolls county. Tried below before Morris, J.

*S. A. Searle,* for plaintiff in error.

*S. W. Christy, contra.*

Irvine, C.

None of the errors alleged to have occurred on the trial of this case can be considered, for the reason that the case is brought here by petition in error and there was no motion for a new trial in the district court. (*Cropsey v. Wiggenhorn,* 3 Neb., 108; *Wells v. Preston,* 3 Neb., 444; *Singleton v. Boyle,* 4 Neb., 414; *Hull v. Miller,* 6 Neb., 128; *Crutts v. Wray,* 19 Neb., 581; *Manning v. Cunningham,* 21 Neb., 288; *Smith v. Spaulding,* 34 Neb., 128; *Miller v. Antelope County,* 35 Neb., 237.) This rule applies as well to equity cases brought here on error as to cases at law. (*Harrington v. Latta,* 23 Neb., 84; *Carlow v. Aultman,* 28 Neb., 672; *Fitzgerald v. Brandt,* 36 Neb., 683; *Gray v. Disbrow,* 36 Neb., 857.) This rule is so firmly established that parties would save to themselves expense,

and to the court the expenditure of time which cannot be spared from the consideration of other cases by paying due regard thereto. Whether or not the question is raised by the adverse party this court will look into the record and refuse to consider any assignments of error occurring at the trial unless the record discloses a motion for a new trial and a ruling thereon.

The only assignment of error sufficiently definite for consideration at all, and not relating to matters occurring upon the trial, is that the judgment is not supported by the findings of the court. A consideration of this assignment requires a statement of the pleadings. The defendant in error was the plaintiff below and alleged the sale and delivery to the plaintiff in error, under an oral contract made by one McClellan as agent for plaintiff in error, of certain lumber and material for the erection of a corn crib and hog pen upon land of the plaintiff in error, and the filing of a claim of lien therefor. The prayer was for judgment and a foreclosure of the mechanic's lien. To this petition the plaintiff in error made answer, denying the sale or delivery to him of any lumber or material, and denying any contract therefor; denying the agency of McClellan; averring that McClellan was a tenant of plaintiff in error, and that whatever he may have purchased from the defendant in error was bought upon his own account, without authority, knowledge, or consent of the plaintiff in error. The answer then averred that after the improvements were made McClellan charged the plaintiff in error with the cost thereof, and thereafter McClellan and the plaintiff in error had a full settlement of said account, including the cost of lumber, and in such settlement McClellan was allowed, satisfied, and paid in full for the same. This last averment renders a consideration of the special findings of the court, which practically confirm it, unnecessary. The answer thus far pleads a good defense to the lien by the denial of any direct transactions with the defendant in error and by

denial of McClellan's authority to deal for plaintiff. Un-
fortunately, however, for plaintiff in error he followed
these averments with the statement that after the material
was furnished, McClellan had charged him therefor on the
accounting between them, that he had settled with Mc-
Clellan on that basis, and had allowed and paid him there-
for. If McClellan had no authority to make the improve-
ments so as to charge the plaintiff in error, plaintiff in
error's action in accepting them, and acknowledging that
the expense thereof was chargeable against him, was a
complete ratification of McClellan's acts and operated to
charge plaintiff in error's estate with the lien. Having
adopted and ratified McClellan's acts, his payment to Mc-
Clellan was no defense to this action. It amounted simply
to his payment of money to his agent and did not discharge
the debt or lien of defendant in error. Therefore, so far
as we have considered the pleadings, they entitled the de-
fendant in error to a decree regardless of the evidence or
findings.

The next paragraph of the answer avers that the claim
of lien was not filed within the time required by law. There
is a distinct special finding by the trial court adverse to the
plaintiff in error upon this issue.

The only remaining averment of the answer is as fol-
lows: "That this suit was not brought within the time re-
quired by law, nor until after the so-called lien of plaintiff
had expired by lapse of time." Upon this there is no
finding. It does appear, however, from the plaintiff's
petition that the claim of lien was filed April 20, 1887.
The petition was filed in the district court March 14, 1889.
The summons upon which service was had upon plaintiff
in error was issued May 1, 1889. The statute (Comp.
Stats., ch. 54, sec. 3) provides that the lien shall be opera-
tive "for two years after the filing of such lien;" and sec-
tion 19 of the Code of Civil Procedure provides that an
action shall be deemed commenced within the meaning of

title 2 (relating to limitations of actions), as to the defend-
ant, at the date of the summons which is served upon him.
While title 2 of the Code contains no provision relating to
the foreclosure of mechanics' liens, it is probable that
the special limitation quoted from chapter 54 should be
construed with reference to other statutes of limitations,
and that in determining whether or not an action is barred
the time should be counted to the date of the summons
served.    It appeared, therefore, from the record that the.
summons which was served upon the plaintiff in error was
not issued or dated until after two years from the filing of
the lien, and a difficulty is thus presented which is not
very clearly solved by the past adjudications of this court.
Following the prevalent rule, it has several times been held
that the defense of the statute of limitations is personal to
the defendant and is waived unless pleaded. (*Taylor v.
Courtnay*, 15 Neb., 190; *Atchison & N. R. Co. v. Miller*,
16 Neb., 661.)    But it has also been held that the defense
may be raised by a general demurrer where it appears from
the petition that the bar of the statute has attached. (*Hur-
ley v. Cox*, 9 Neb., 230; *Peters v. Dunnells*, 5 Neb., 460;
*Merriam v. Miller*, 22 Neb., 218.)    In order to determine
this point it is in all cases necessary to look at the record
outside of the petition and ascertain when the action was
in fact commenced.    The result would seem to be that had
a demurrer been interposed to this petition it would have
been sustained, but in view of the cases holding that the
defense is one which is waived by failing to plead it, we
cannot say that there was such a failure to state a cause of
action as to call upon the court to reverse the judgment re-
gardless of whether the sufficiency of the pleading was
questioned in the district court.    The rule would seem to
be that the defense of the statute is waived unless raised
either by demurrer or answer, and this seems to have been
the view taken by the court in *Alexander v. Meyers*, 33
Neb., 773. (See, also *Sturges v. Burton*, 8 O. St., 215.)

The objection was not in this case raised by demurrer. It was attempted to raise it by answer. The answer in this respect pleaded no facts. It simply averred that the suit was not brought within the time required by law, nor until after the lien had expired. These were statements of mere conclusions of law and not of any facts. Where a plea of the statute of limitations is required, the facts must, as in other cases, be pleaded and not the pleader's conclusions of law. Thus, in *Barnes v. McMurtry*, 29 Neb., 178, a plea was held insufficient for not stating definitely when the statute began to run ; and in *Alexander v. Meyers, supra,* a plea of adverse possession was held bad for not averring that defendant's possession had been exclusive. The plaintiff in error, not having raised the defense by demurrer, was required to raise it by answer, and this being so he was required to raise it by an answer which would have been sufficient against demurrer to the answer itself. We hold, therefore, that the defense of the statute, not being raised at all by demurrer or sufficiently by answer, was waived.

JUDGMENT AFFIRMED.