JOHN L. CARLETON *vs.* WILLIAM M. BICKFORD.

In an action in this state on a judgment of the court of another of the United States, a return of the officer in that action, that he made personal service on the defendant in that state, may be contradicted by parol evidence.

ACTION upon a judgment of the court of common pleas of the State of New Hampshire.

At the trial in this court, the plaintiff produced a certified copy of that judgment, by which it appeared that the defendant was described in the original writ in that action as of Worcester in this county and commonwealth; that the deputy sheriff who served the writ returned thereon that he had summoned the defendant " by giving him in hand a summons in the form prescribed by law; " and that judgment was rendered at the return term by default. No attachment of the defendant's property was made, and he had never been an inhabitant of New Hampshire.

The defendant then proposed to introduce evidence " that no summons had ever been given to him, as stated in the return of the officer, and that he never had notice nor knowledge of the commencement nor pendency of the said suit against him." But *Metcalf*, J., being of opinion that the return of the officer was conclusive upon these points, rejected the evidence, and directed a verdict for the plaintiff, and reserved the case for the consideration of the full court.

*F. H. Dewey*, for the defendant. The return of the officer was not conclusive, and the evidence offered should have been admitted. The result of the authorities is, that the question as to the jurisdiction of the person is one of evidence, on the trial of the action on the judgment. A judgment of another state is conclusive only as to matters adjudicated by the court; not as to matters not there passed upon, as of appearance by attorney, or the officer's return, the truth of which last is not even open to examination by that court. *Bartlet* v. *Knight*, 1 Mass. 409. *Bissell* v. *Briggs*, 9 Mass. 469. *Hall* v. *Williams*, 6 Pick. 240, 246. *Gleason* v. *Dodd*, 4 Met. 333. *Phelps* v. *Brewer*,

9 Cush. 390. *Bissell* v. *Wheelock*, 11 Cush. 277. *Fullerton* v. *Horton*, 11 Verm. 425. *Bimeler* v. *Dawson*, 4 Scam. 536. *Rae* v. *Hulbert*, 17 Ill. 572. *Pritchett* v. *Clark*, 4 Harringt. (Del.) 280. Story Confl. (5th ed.) §§ 608, 609, & notes.

Great injustice would be the result, if a citizen of this state were concluded by a judgment obtained in another state without notice to him, leaving him no other remedy than a petition for a review there, or an action against the officer for a false return.

*C. Devens, Jr. & G. F. Hoar*, for the plaintiff. The settled construction of art. 4, § 1, of the Constitution of the United States, and the U. S. St. of 1790, *c.* 37, (1 Sts. at Large, 122,) requiring full faith and credit to be given to the judicial proceedings of other states, is, that in order that such a judgment should be conclusive, the court of the other state must have had jurisdiction both of the cause and the parties; but that the recitals of the record are to be taken as conclusive evidence of the facts therein stated. *Noble* v. *Gold*, 1 Mass. 410, note. *Bartlet* v. *Knight*, 1 Mass. 401. *Bissell* v. *Briggs*, 9 Mass. 462. *Commonwealth* v. *Green*, 17 Mass. 515. *Warren* v. *Flagg*, 2 Pick. 450. *Hall* v. *Williams*, 6 Pick. 232. *Gleason* v. *Dodd*, 4 Met. 333. *Ewer* v. *Coffin*, 1 Cush. 23. *Barringer* v. *King*, 5 Gray, 9. The case of *Starbuck* v. *Murray*, 5 Wend. 148, *contra*, is in opposition to the Massachusetts authorities, and founded on reasons manifestly unsound.

Unless the recitals of the record are conclusive evidence, there seems to be no substantial difference between a purely foreign judgment, and one of another state, except in the mode of authentication; and no force is given to the provision that full faith and credit shall be given to judicial proceedings of other states; for, in an action on a foreign judgment, the merits of that judgment are not open, if it is shown that the parties were regularly before a court of competent jurisdiction; and the record is *prima facie* evidence that they were so. *Galbraith* v. *Neville*, 1 Doug. 6, note. *Bank of Australasia* v. *Nias*, 16 Ad. & El. N. R. 717. Story Confl. §§ 606–608. 2 Kent Com. (6th ed.) 120, note.

Carleton *v.* Bickford.

The cases in which it has been decided, that where the record sets forth an appearance by attorney, it may be shown that there was no authority, as in *Hall* v. *Williams* and *Gleason* v. *Dodd*, above cited, and *Aldrich* v. *Kinney*, 4 Conn. 380, do not conflict with this position; because the authority of the attorney is a fact independent of the record. A record that A. B. appeared by attorney amounts to no more than that an appearance was made, which purported to be on his behalf; as is shown by the fact, that an appearance by attorney may be explained even in a domestic judgment. *Bodurtha* v. *Goodrich*, 3 Gray, 508.

Undoubtedly this court must determine, by an inspection of the record, whether the defendant had notice of the suit in the other state. *Ewer* v. *Coffin*, 1 Cush. 23. But in this case, the record furnishes that evidence, and in the only way possible — by the return of the officer therein set forth, showing a delivery of summons to the defendant in person. "If it appears by the record," as said by Parker, C. J. in 6 Pick. 239, "that the defendant had notice of the suit," or, by Shaw, C. J. in 4 Met. 337, 338, that "he was personally summoned," it cannot be gainsaid. If the judgment is erroneous by reason of a false return, the remedy is in New Hampshire.

SHAW, C. J. The court are all of opinion that the evidence offered should have been admitted, on the ground that, if the facts were true which the evidence tended to prove, they would have shown that the court in New Hampshire had no jurisdiction of the person of the defendant, and therefore that the judgment against him by default was not binding on him.

We take it to be now well settled in this commonwealth, that although the judgment of a court of one state of the Union against a citizen of another state is *prima facie* evidence both of the jurisdiction of the court and of the merits, and notwithstanding the United States statute of 1790, providing that full faith and credit shall be given in each state to the judicial proceedings of another, yet such judgment is not conclusive; but it is competent for the defendant, when suit is brought against him on such judgment, to show by proof that the court, which rendered the judgment in the original suit, in point of

50 *

fact had no jurisdiction over the persons of the parties and the subject matter of the controversy. *Bissell* v. *Briggs,* 9 Mass. 469. *Hall* v. *Williams,* 6 Pick. 232. *Gleason* v. *Dodd,* 4 Met. 333. *Bissell* v. *Wheelock,* 11 Cush. 277. *Bodurtha* v. *Goodrich,* 3 Gray, 508.

It was clearly so held in *Bissell* v. *Briggs,* and though *Hall* v. *Williams* is in some respects, an authority the other way, yet, when well understood, it confirms the principle stated. In the latter case, the court seem to have been apparently perplexed between their own opinion upon principle, confirmed by the case of *Bissell* v. *Briggs,* on the one hand, and the respect due to what was then supposed to be the authority of the supreme court of the United States in *Mills* v. *Duryee,* 7 Cranch, 481, and *Hampton* v. *M' Connel,* 3 Wheat. 234, on the other.

In the case of *Hall* v. *Williams* the court held, in deference to the authority of the cases cited, that *nul tiel record* was the proper plea to debt on the judgment of another state. If it were the proper plea, it would follow that 'it must be the only proper plea ; because that plea submits the whole matter to the court, and leaves no fact open to be tried on plea and proof, and nothing but the existence of the judgment and the identity of the parties, as in case of a domestic judgment. And yet the court in that case admitted some other pleas in bar, viz. that neither of the defendants was served with process; that one was not served with process; and *nil debet ;* to which last plea the plaintiffs demurred. To the two other pleas the plaintiffs replied the judgment, by way of estoppel ; to which the defendants demurred. The whole therefore came before the court on demurrer.

The court, however, strongly express their opinion, that in some form the question of jurisdiction ought to be open, before a citizen of another state can be held bound ; and quote with approbation the dissenting opinion of Mr. Justice Johnson in *Mills* v. *Duryee,* " that jurisdiction cannot be justly exercised by a state over property not within the reach of its process, or over persons not owing them allegiance, or not subjected to their jurisdiction by being found within their limits." 7 Cranch, 486.

And in that same case of *Hall* v. *Williams* the court decided that although the judgment of the Georgia court was a joint judgment against two, it appearing that only one was served with process, and being bad against the other, it was wholly void.

But, in view of subsequent decisions, we think that the court, in *Hall* v. *Williams*, attributed a larger effect to the opinion of the court in *Mills* v. *Duryee*, in regard to the conclusiveness of the judgments of one state in the courts of another, than it now appears the case warranted. In point of fact, in that case, the court in the original suit had full jurisdiction over the person of the defendant, and he had been arrested and gave bail for his appearance in that suit. The question before the court was a technical question of pleading. One of the judges dissented, on the ground that a case might occur in which a different plea would be proper, drawing in question the jurisdiction of the court rendering the judgment. But the case itself called for no limitation or qualification of the opinion, and none was given. It was therefore taken as authority, that in all cases the judgment of the court of another state had all the force and effect of a domestic judgment. This was reaffirmed a few years after, in a short opinion of Mr. Chief Justice Marshall, that *nil debet* was not a proper plea. *Hampton* .v. *M' Connel,* 3 Wheat. 234. But no other authority is cited except *Mills* v. *Duryee.* And the learned reporter, in a note, questioned the authority of *Mills* v. *Duryee* as to the conclusiveness of the judgments of courts of other states, and considered it an open question.

The subject was much discussed in state courts ; and subsequently it was decided by the supreme court of the United States, that congress did not intend, by the act of 1790, to declare that the judgment in one state against the person of the citizen of another, who had not been served with process or voluntarily appeared, should have such faith and credit in every other state as it had in the courts of the state in which it was rendered. They express the opinion, that congress did not intend to give the full force of domestic judgments to the judgments of courts of other states by the act of 1790 ; and expressed their concurrence with the various decisions of state courts, holding that

congress did not intend that the statute should be so applied as to change the effect of judicial records of this description. *D'Arcy* v. *Ketchum*, 9 How. 390. That case was cited in a judgment of this court given by Mr. Justice Fletcher in the case of *Phelps* v. *Brewer*, 9 Cush. 390, which was very like the present.

We think therefore the authorities now concur in establishing the principle above stated, that a defendant, called on in an action to answer to a judgment rendered against him in the court of another state, may prove any facts tending to show that such court had no jurisdiction over him, so as to give effect to such judgment. Even if there were now any technical question of pleading, it would be removed by the practice act, dispensing with the rules of technical special pleading, and authorizing any legal defence to be made by answer and proof. .

We can perceive no distinction in principle between this case and many of the cases, in which it was recited in the record that a party had appeared, that he had appeared by his attorney, and the like, but where he was still allowed to prove that the attorney made a mistake or committed a fraud, that in fact no attorney had appeared for him, that no attorney had been authorized to appear for him, as decided in the foregoing and many other cases. *Bodurtha* v. *Goodrich*, 3 Gray, 508. The acts and recitals of a court, not having acquired a jurisdiction, cannot be conclusively binding on him ; nor can acts and recitals be conclusive evidence of facts which would give them jurisdiction. No more force and effect can be given to the certificate of a person purporting to be a deputy sheriff of another state, in giving the court jurisdiction over an absent party, than to similar acts of attorneys. To say nothing of the danger of false personation, and other devices, by which an officer of another state might be induced to believe that a stranger was the defendant against whom he had process, it seems to be giving quite sufficient effect to such a return to make it *prima facie* evidence, leaving the defendant the right to rebut it by evidence

*New trial ordered.*