## MATILDA SHOEMATE *et al.*

*v.*

## WILLIAM A. LOCKRIDGE, Administrator.

1.  TIME *of taking action in court—under notice to do so on a particular day.*  Where a person is notified that a particular step will be taken in court on a particular day of the term, it is his duty to be present at the time and

await the action of the court, or take a rule on the party giving the notice to proceed with his motion or cause by filing the necessary papers, and on his failing to comply with such rule, to have the proceeding dismissed.

2. ADMINISTRATOR'S *petition for order to sell land to pay debts—time of filing.* So where an administrator gives notice that he will file a petition on a particular day of a term, for an order to sell real estate to pay debts, he is not restricted to the day named, but may file his petition on a subsequent day of the same term.

3. SAME—*necessity of an appraisement bill.* It is not essential that it appear an appraisement bill was filed by an administrator, to authorize the court to grant his petition for an order to sell land to pay debts. The statute only requires the administrator shall make a just and true account of the personal estate and debts, so far as he can discover them, and he may thereupon file his petition.

4. SAME—*preservation of the evidence in such proceedings—presumption.* In a proceeding under the statute for an order to an administrator to sell land to pay debts, it not being a chancery proceeding, it is not necessary, in order to support the judgment, that the evidence be preserved in the record, but it will be presumed the evidence heard on the trial was sufficient.

5. ADMINISTRATOR—*of his power in respect to the realty.* It has been held that an administrator has no power to file a bill to remove a cloud from, or perfect the title to lands of which his intestate died seized.

6. So an administrator has no authority to apply to a court of chancery to reform a deed made to his intestate in his life time, on the allegation that there was a mistake therein in the description of the land intended to be conveyed.

7. ADMINISTRATION OF ESTATES *in chancery—generally, in such cases.* In this case it appeared the administrator obtained an order for the sale of land to pay debts, in a proceeding at law under the statute. He afterwards filed his bill in chancery to correct a mistake in a deed to his intestate, and asked a decree to sell the land. The court below decreed the relief sought in the suit in chancery, reforming the deed, and giving the administrator authority to sell: *Held,* while that decree was erroneous, by reason of the want of authority in the administrator to apply to a court of chancery for such purpose, yet, as that court had a general jurisdiction of the subject matter, the administration of estates, the decree was not void, and a *bona fide* purchaser under the decree would be protected.

8. Moreover, the administrator having been given authority to sell, by the order in the statutory proceeding, a sale made by him, even after the decree in chancery, would, unless that fact were negatived, be referred to and upheld by the order in the first proceeding.

WRIT OF ERROR to the Circuit Court of Sangamon county ; the Hon. S. H. TREAT, Judge, presiding.

The opinion states the case.

Messrs. J. C. & C. L. CONKLING, for the plaintiffs in error.

Messrs. STUART, EDWARDS & BROWN, and Mr. M. Hay, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that on the second day of August, 1845, being of the July term of that year, William A. Lockridge, as administrator of the estate of James Bridges, deceased, filed a petition against his heirs in the Sangamon circuit court, for leave to sell the real estate of decedent to pay debts of the estate. In the petition he described the lands as the N W¼ of the N E¼ of sec. 2 town 14 north 6 west; also, part of the W½ N W¼ sec. 35, containing ten acres; also, the E½ of the S W¼ sec. 35, containing eighty acres; also, part of the W½ of the S E¼ of sec. 35, all in township 15 north of range 6, west of the third meridian.

On a hearing, the court rendered a decree licensing the administrator to sell all, or so much of the lands as might be required, to pay the debts of the estate. But before proceeding to execute this decree, the administrator discovered that one Gatton, who had made a conveyance of these lands to deceased, had made a mistake in the description of some of the tracts. There was a misdescription of the ten acre tract, and the deed excluded twenty acres in the northeast corner of the E½ of the S W¼, when it should, and was intended to have excluded twenty acres in the northeast corner of the W½ of the S E¼ of sec. 35. He thereupon filed a bill against the heirs, Gatton, and one Virden, who had purchased and received a deed for the twenty acres in the northeast corner of the E½ of the S E¼ of sec. 35, to have the mistake in Gatton's deed corrected, and for leave to sell the lands by their proper description, to pay debts of the estate. A guardian *ad litem* was

appointed for minor heirs, and he failed to file an answer, but stated to the court that the minors made no objection to granting the relief. Gatton answered, admitting the mistake in the conveyance, but alleging that a portion of the purchase money remained unpaid. The bill was dismissed as to Virden.

A hearing was had and the court rendered a decree correcting the mistake in the conveyance; authorizing the administrator to sell the land, and decreeing that Gatton convey the twenty acres to the purchaser, and that from the proceeds of the sale Gatton be paid the balance of the purchase money due to him on the land. The lands were sold and' conveyances made to the purchasers. The heirs of Bridges, under disability, bring the record to this court and ask a reversal on various grounds.

There seems to be no error in the decree first rendered, on the application first made. It seems to conform substantially to the requirements of the statute. It is first urged that the notice stated that the petition would be filed on the first day of the term, when it was not, in fact, filed until a later day of the term. All persons in the profession know that in law the term is regarded as but one day. It is wholly unlike and depends upon different principles from filing the petition at a subsequent term of the court. When a person is summoned or notified that the opposite party will take a particular step in court on a particular day of the term, it is the duty of the defendant to be present at the time and to await the proceedings of the court, or take a rule on the opposite party to proceed with his motion or cause by filing the necessary papers, and on failing to comply with such a rule, he may have the proceeding dismissed. No such steps were taken in this case, and there was no error in filing the petition as it was done.

It is next urged that there is no evidence that the administrator had filed an appraisement bill, and that the decree was, for that reason, erroneous. We perceive no force in this objection. The one hundred and third section of the statute of Wills, under which this proceeding was had, does not require,

as a condition to conferring jurisdiction on the court to order a sale, that an appraisement bill shall have been made. The petition alleges that the administrator had duly filed an inventory and sale bill of the personal property and assets of the estate. That section only requires that the administrator shall make a just and true account of the personal estate and debts, so far as he can discover them, and he may thereupon file his petition, stating therein of what real estate intestate died seized, or so much thereof as will be necessary to pay his debts as aforesaid, and request the aid of the court in the premises. The petition alleges all that is necessary to give the court jurisdiction of the subject matter, *Stow* v. *Kimball*, 28 Ill. 106, and the notice brought the parties before the court. The jurisdiction was therefore complete, certificate of the probate court as to the condition of the estate was filed, and we will presume it and other evidence was heard to warrant the decree under that and the one hundred and eighth sections of the statute; and this not being a proceeding in chancery, we will presume the evidence heard on the trial was sufficient, although not preserved in the record. The one hundred and eighth section of the statute prescribes that certain facts shall be proved before a decree can be rendered, and we will presume it was done, but the one hundred and third section provides what facts must be averred to give jurisdiction, which are contained in this petition.

As to the bill filed in the second proceeding, it has been held that an administrator takes no interest or estate in the realty of his intestate; that he takes but a naked power to sell the real estate to pay the debts, in the mode pointed out by the statute, and beyond this he has no concern with the lands; and having no interest, he has no power to file a bill to remove a cloud from, or to perfect the title to, lands of which his intestate died seized; that he can only, on leave granted by the court for the purpose, sell such claim or title as was held by the deceased at the time of his death. *Smith* v. *McConnell*, 17 Ill. 135. And it was there held that he had no power by bill in equity to convert an equitable into a legal title, or remove

apparent adverse legal titles; and the case of *Phelps* v. *Funkhouser*, 39 Ill. 401, announces the same rule, and other cases in our reports might be cited to sustain the rule.

When tested by these cases, there was manifest error in rendering the decree, and in affording relief in the last case. It was a proceeding under the statute, but was, in every respect, a bill in equity, in which the defendants were brought into court by the service of a summons. The main purpose of the bill was to correct the deed from Gatton to Bridges, and we have seen that the administrator had no authority to file, or the court to entertain the bill. But notwithstanding the court erred in retaining the bill, and in granting the relief, the court had jurisdiction of the subject matter, as courts of equity may, under extraordinary circumstances, take jurisdiction of the settlement of estates. *Vansyckle* v. *Richardson*, 13 Ill. 171; *Freeland* v. *Dazey*, 25 Ill. 294; and the court had jurisdiction of all the defendants but one by service. The court, having jurisdiction of the subject and the parties, only erred in rendering the decree. Although the facts failed to present a case where equity would undertake to administer the assets of an estate, the court, nevertheless, had jurisdiction, and although there was error in granting relief, still the decree is not void, and purchasers will no doubt be protected in their title acquired under it.

As to the other purpose of the bill, to obtain leave to sell the lands after the mistake should be corrected, the decree granting leave was erroneous, for the reasons already suggested, and for the reason that a proceeding by an administrator to sell real estate is not in equity, but at law under the statute. *Moline Water Power, etc.* v. *Webster*, 26 Ill. 289. It was only erroneous as to the parties before the court, to order the sale of the lands, and as to them the sale would operate, no doubt, to divest their title, if the purchase was made in good faith at the administrator's sale.

The bill subsequently filed was an independent proceeding, and not a supplement to, or continuation of, the first suit by

petition.   They were distinct in their nature and purposes, at least in part.   It then follows that the decree in the last in no wise affected the former.   All the powers conferred by the former upon the administrator, remained unimpaired, and so far as the land was properly described in that proceeding, the subsequent sale by the administrator would, unless negatived, be referred to and upheld by the decree in the first case.   But for the errors indicated, the decree in the latter case is reversed and the cause remanded.

*Decree reversed.*