Hurley v. Cox.

WILLIAM HURLEY, PLAINTIFF IN ERROR, v. WILLIAM COX AND OTHERS, DEFENDANTS IN ERROR.

Mortgage Foreclosure: STATUTE OF LIMITATIONS. In 1858, C. executed a mortgage, due in one year, upon certain lands in this state. In 1872 an action was instituted to foreclose the same, no payments having been made thereon, and certain parties holding tax deeds on the lands were made defendants, who demurred to the petition. *Held*, 1. That it being apparent from the face of the petition that the debt was barred, the demurrer was properly sustained. 2. That parties holding tax deeds were not proper parties to the proceeding to foreclose; but that, having been made parties, the plaintiff must recover, if at all, on the strength of his own title, and not upon the weakness of the defendant's title. 3. That the statute of limitations is one of repose, and an action to foreclose a mortgage is barred when the statute has run against the note or debt, under the law as it stood before the amendment to the act of limitations, approved February 12th, 1869.

ERROR to the district court of Burt county. Tried below before MAXWELL, J., in 1874, while sitting as district judge in that county.

NOTE.—It was held in *Kyger v. Ryley*, 2 Neb., 20, *Peters v. Dunnells*, 5 Neb., 460, and *Hurley v. Estes*, 6 Neb., 386, that where the debt is barred by the statute of limitations, no action can be maintained on the mortgage. But under the amendment made in 1869 to section six of the civil code (Gen. Stat., 268), it was held (MAXWELL, CH., J., dissenting), in *Hale v. Christy*, 8 Neb., 264, that an action to foreclose a mortgage could be brought in ten years, although the note had been barred.—REP.

*Carrigan & Osborn and John F. Monk* for plaintiff in error.

*W. Parrish* and *C. J. Dilworth* for defendants in error.

MAXWELL, CH. J.

On the 19th day of October, 1872, the plaintiff commenced an action in the district court of Burt county against William Cox and James Ashley to foreclose a mortgage upon certain lands in that county. On the 5th day of June, 1874, an amended petition was filed by the plaintiff bringing in E. D. Canfield as a party defendant. The action is founded upon a mortgage executed by the defendant Cox, in the year 1858, upon certain lands in Burt county, and alleges that no part of the sum due on the mortgage has been paid, and that no proceedings have been had at law for the recovery of the same. The petition also alleges that the defendants, Ashley and Canfield, hold tax deeds upon portions of said lands which are *prima facie* evidence of title, but it is claimed the proceedings upon which they are based are illegal and void, and that said deeds confer no title. The plaintiff prays for a decree of foreclosure and sale of the mortgaged premises, and that the defendants, Ashley and Canfield, may be required to assert their title to said premises, and that it may be declared void, etc. The defendants, Ashley and Canfield, demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the cause dismissed. The cause is brought into this court by petition in error.

A copy of the note is set out in the petition, from which it appears that it became due on the 23d day of August, 1859, being dated at Omaha, and payable at the office of Cassady and Test, in Council Bluffs, Iowa.

The proviso to section 17 of the code provides that "the absence from the state, death, or. disability of a non-resident, save the cases mentioned in the section, shall not operate to extend the period within which actions *in rem* shall be commenced by and against such non-resident, or his representatives." This case is not within the exception, and this court has held in a number of instances that the foreclosure of a mortgage was a proceeding *in rem*. *Rector v. Rotton*, 3 Neb., 177. *Peters v. Dunnells*, 5 Id., 460. *Hurley v. Estes*, 6 Id., 386. The cases, without an exception so far as I am aware, hold that the note is the debt and the mortgage the mere incident, and such has been the uniform holding of this court. *Kyger v. Ryley*, 2 Neb., 28. *Richards v. Kountze*, 4 Id., 208. *Webb v. Hoselton*, Id., 317. The debt therefore being barred, no action can be maintained on the mortgage.

But it is urged that while the defendant, Cox, could avail himself of the statute of limitations, the defendants, Ashley and Canfield, are not in a position to avail themselves of this plea. It appears from the petition that these defendants have an interest in the land, having tax deeds therefor, that, so far as appears, are regular on their face. And for aught that appears they may have been in possession of the land a sufficient length of time to vest the title in them absolutely. They were not proper parties to the proceeding, but having been made such, they have a right to defend their title. If the debt was barred in five years the lien of the mortgage ceased absolutely at that time. The plaintiff must recover, if at all, by showing that he has a cause of action against the land, not by showing the invalidity of the defendant's title. Possession alone is a good title against one who can show no better. In this state it is unnecessary to plead the statute of limitations where it appears on the face of the petition

that the cause of action was barred at the time the suit was instituted. *Peters v. Dunnells*, 5 Neb., 460. *Hurley v. Estes*, 6 Id., 386. And this is the rule in Ohio, from whence our code was copied. *Sturgis v. Burton*, 8 O. S., 215. *Bissell v. Jaudon*, 16 Id., 498, 504. *Delaware County v. Andrews*, 18 Id., 49. The law of New York, and perhaps some other states, provides that "the objection that the action was not commenced within the time limited can only be taken by answer," but we have no such provision in our statute. A plea of the statute was formerly regarded by the courts as dishonorable and not to be favored. *Willet v. Atherton*, 1 W. Bl., 35. *Perkins v. Burbank*, 2 Mass., 81. And the statute was regarded as one of presumption, which the slightest acknowledgments, such as "Prove your debt and I will pay you," "I am ready to account, but nothing is due you," were sufficient to overcome. At the present time the statute is regarded as one of repose, and proceeds upon the expediency of refusing to enforce a stale claim whether it has been paid or not. As was said by Judge Story: "The object of which is to suppress fraudulent and stale claims from springing up at great distances of time, and surprising the parties or their representatives, when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time, or the defective memory, or death, or removal of witnesses." *Spring v. Grey*, 5 Mason, 523. This is not a case where the defendants purchased subject to a lien, but where they hold independently of it. As the claim of the plaintiff is barred by the statute, the demurrer must be sustained, and the

JUDGMENT AFFIRMED.