AULTMAN & TAYLOR CO., PLAINTIFF IN ERROR, V. A. V. COLE ET. AL., DEFENDANTS IN ERROR.

**Practice:** DISMISSAL OF ACTION.   When the summons served on the defendant was issued after the statute of limitations had barred the action, *Held*, That a motion to dismiss on that ground was properly sustained.

ERROR to the district court for Adams county.   Tried below before MORRIS, J.

*Batty & Ragan,* for plaintiff in error.

*Dilworth & Smith,* for defendants in error.

MAXWELL, J.

This action was brought on a promissory note given by Otis L. and Charles L. Battle to the plaintiff, the note being due and payable on the first day of August, 1877. The petition was filed on the thirty-first day of July, 1882, but no summons was issued until the fourteenth day of August of that year.   It is alleged in the petition that the defendants endorsed the note in question, and thereby guaranteed the payment thereof; but the character of the endorsement is uncertain, as no copy thereof appears in the pleadings.   The defendants answered, pleading the statute of limitations and other defenses which need not be no-

ticed. The court below dismissed the cause upon the ground that it appeared on the face of the proceedings that the action against these defendants was barred. This action of the court is the error complained of.

The rule is well settled in this state that where it appears on the face of the petition that the debt is barred by the statute of limitations a demurrer on the ground that the facts stated in the petition do not constitute a cause of action is a sufficient plea of the statute. *Hurley v. Cox*, 9 Neb., 230. *Peters v. Dunnells*, 5 Id., 460.

Sec. 19 of the code provides that "an action shall be deemed commenced * * as to the defendant at the date of the summons which is *served upon him*," etc. But if the summons served upon the defendant is not issued until the bar of the statute is complete and objection is made on that ground, it is the duty of the court to dismiss the action. *Republican Valley R. R. v. Sayer*, 13 Neb., 280. The objections of the defendant were therefore properly sustained.

JUDGMENT AFFIRMED.

THE other judges concur.