SARAH A. EAYRS, APPELLANT, ET AL. V. WILLIAM N. NASON, APPELLEE, ET AL.

FILED MARCH 3, 1898.    No. 7841.

1. **Judgment**: FALSE RECORD OF SERVICE: CONTRADICTION. Though the record in which a judgment is pronounced discloses upon its face that the court had jurisdiction both of the subject-matter of the suit and of the parties thereto, still a party made liable by such a judgment, who has never appeared in the action, and who was never given legal notice of the pendency of such action, may, in a proper proceeding, either as a cause of action or defense, show that the recitals of the record that he was served with the process of the court are false.

2. ———: ———. ———. Suit was brought to foreclose a real estate mortgage, the owner of the equity of redemption of the land involved made defendant thereto, and constructive service had on him by publication, he being at the time a resident of the state and actually present therein. He did not appear in the action personally or by attorney. After the decree the defendant died. *Held*, That in a suit brought by his heir against the purchaser of the land at the sale under the foreclosure decree, to quiet the heir's title and redeem from the mortgage, that the heir might show that the averments of the affidavit filed to procure constructive service upon his ancestor, that he was then a non-resident of the state and that service of summons could not be made on him in the state, were false.

3. **Privity Between Administrator and Heir.** There is no privity between an administrator and an heir so far as regards the decedent's real estate. *Dundas v. Carson*, 27 Neb. 634, and *Carson v. Dundas*, 39 Neb. 503, distinguished.

4. ———: RES JUDICATA. A judgment dismissing an administrator's action to quiet title is not a bar to a subsequent action, by the heir against the defendant in the administrator's suit, to quiet title to the same real estate, which has descended to the heir from the administrator's intestate.

5. **Limitation of Actions**: PLEADING. When it is not apparent from the face of a pleading that the action or defense is barred by the statute of limitations, then the bar must be raised by plea or it will be deemed waived.

6. ———: ———. But when a pleading discloses upon its face that the action or defense is barred by the statute of limitations, then such bar may be raised by objection that the pleading does not state a cause of action or defense.

7. ——— -: ———: QUIETING TITLE. Whether the time in which an

action must be brought to quiet title to real estate, where the defendant asserts title thereto by an unrecorded sheriff's deed, which the plaintiff claims is void, is prescribed by section 16 or 'section 6 of the Code of Civil Procedure, not decided.

8. Quieting Title: Possession. Under our Code a party may maintain an action to quiet his title to real estate whether he be in or out of possession and whether his title be a legal or an equitable one.

9. ———: Limitation of Actions. In an action to quiet title the statute of limitations does not begin to run in favor of the defendant until some assertion of ownership or claim to the premises is made by him.

10. Limitation of Actions: Quieting Title. Plaintiff's action was to quiet title by having a sheriff's deed held by the defendant decreed void and canceled as a cloud. Neither party was in possession of the real estate. The sheriff's deed had never been recorded. The defendant asserted title under the deed. Held, That, so far as the petition disclosed, plaintiff's cause of action accrued at the date the suit was brought.

Appeal from the district court of Douglas county. Heard below before Ferguson, J. Reversed.

The opinion contains a statement of the case.

C. C. McNish, Browne, Burnett & Jones, and B. L. White, for appellant:

Where service by publication has been attempted to be made upon a resident defendant, founded upon a false affidavit of his non-residence, such service does not give jurisdiction over that defendant, and its validity can be inquired into in a direct proceeding between the parties to the judgment founded thereon. (Kitchen v. Crawford, 13 Tex. 516; Snowden v. Snowden, 1 Bland. Ch. [Md.] 550; McGavock v. Pollack, 13 Neb. 535; Cheney v. Harding, 21 Neb. 65; Frazier v. Miles, 10 Neb. 109; McGahen v. Carr, 6 Ia. 331; Goudy v. Hall, 30 Ill. 109; Carleton v. Bickford, 13 Gray [Mass.] 591; Shelton v. Tiffen, 6 How. [U. S.] 163; Norwood v. Cobb, 15 Tex. 500; Dozier v. Hartsfield, 25 Ga. 90.)

An adjudication against an administrator is not res judicata as to the title of the heirs to real estate. (2 Black, Judgments par. 560; Wells, Res Judicata sec. 53.)

This action is not barred by the statute of limitations. (*Heffner v. Gunz*, 12 N. W. Rep. [Minn.] 342; *Feikert v. Wilson*, 37 N. W. Rep. [Minn.] 585; *Miner v. Beckman*, 50 N. Y. 337; *Harrison v. Spencer*, 51 N. W. Rep. [Mich.] 642; *Mutual Life Ins. Co. v. Corey*, 7 N. Y. Supp. 940; *Jackson v. Kinsey*, 7 N. Y. Supp. 808; *Waldo v. Rice*, 14 Wis. 310; *Knowlton v. Walker*, 13 Wis. 295; *Wagner v. Law*, 28 Pac. Rep. [Wash.] 1109; *Bausman v. Kelley*, 36 N. W. Rep. [Minn.] 333; *Stewart v. Thompson*, 32 Cal. 260.)

*James W. Carr, contra:*

The affidavit for constructive service alleged the non-residence of Eayrs, and was in all respects sufficient to authorize service by publication. The proof of publication was also sufficient, as was shown by the evidence and found by the court. The court therefore had jurisdiction of the property whether the allegation of non-residence was true or not; and the judgment was neither void nor voidable because of a mistake in that respect. (*Miller v. Finn*, 1 Neb. 289; *Atkins v. Atkins*, 9 Neb. 191; *Ogden v. Walters*, 12 Kan. 283; *Boswell v. Sharp*, 15 O. 447; *Dequindre v. Williams*, 31 Ind. 444; *Morgan v. Burnet*, 18 O. 535; 1 Freeman, Judgments secs. 125, 131.)

The action was barred by the statute of limitations. (*McAlister v. Lancaster County Bank*, 15 Neb. 295; *McCormick v. Paddock*, 20 Neb. 486; *Witte v. Gilbert*, 10 Neb. 539; *Doty v. Sumner*, 12 Neb. 378.)

The judgment in the action brought by the administrator to recover the title of the property is a complete adjudication of all of the rights of plaintiffs. (*Dundas v. Carson*, 27 Neb. 634.)

RAGAN, C.

This is an appeal by Sarah A. Eayrs from a decree of the district court of Douglas county dismissing a suit in equity brought by her in that tribunal against William N. Nason.

14

1. In her petition in the district court the appellant alleged that on the 3d day of June, 1875, her father became the owner of certain described real estate and died subsequently possessed thereof; that the title to said real estate had descended to her as his only surviving heir at law; that during her father's life he became indebted in the sum of $50 to one Fischer, and to secure the payment of this debt he executed to Fischer a mortgage upon said real estate, of which mortgage debt the appellee Nason subsequently became the owner, and brought suit in the district court of Douglas county to foreclose said mortgage, obtained a decree, caused the real estate to be sold, and purchased it at the judicial sale made, and procured from the sheriff a deed for said real estate on the 1st of July, 1881, under which deed the appellee Nason claims title to the real estate in controversy; that said decree of foreclosure and all the proceedings thereunder were void for the reason that the service, and only service, of process had upon appellant's father in said foreclosure suit was by publication; that at the time said service by publication was made appellant's father was a resident of, and actually within, the state of Nebraska, was at that time, and for some time afterwards, insane, and that said service by publication was the only notice that was ever attempted to be given appellant's father of the pendency of the said foreclosure action; and that the sheriff's deed executed to said appellee constituted a cloud upon appellant's title to the real estate. The bill then averred that the real estate in controversy was vacant and unoccupied; that appellant was advised that the appellee had paid certain taxes which had been duly levied and assessed against the real estate, and which taxes, together with the aforesaid mortgage debt and interest thereon, the appellant offered to pay to the appellee. The bill concluded with a prayer that an accounting might be taken of the amount due the appellee for taxes paid on said real estate and for the amount due on said mortgage debt; that appellant might

be permitted to pay the amount found due into court for the benefit of the appellee, and that the title to the real estate might be quieted and confirmed in her.   The appellee by his answer admitted that he claimed to own the legal title to the real estate in controversy by virtue of the sheriff's deed executed in pursuance of the decree rendered in the foreclosure proceeding mentioned in the bill.   He also averred that he had been in the open, notorious, exclusive, and adverse possession of the real estate described, claiming to own the same for a period of more than ten years; and as a further defense to the action averred that the administrator of appellant's father, in the year 1885, brought suit against him, the appellee, to quiet the title to the real estate in controversy; that he, the appellee, appeared and defended that action; and that judgment was rendered therein dismissing the same, and interposed the judgment in that action as a bar to this.   The district court found specially that appellant was the sole surviving heir of James H. Eayrs, who died on the 15th of August, 1877; that he became possessed of the legal title to the real estate in controversy on the 3d day of June, 1875; that on the 23d of June, 1875, James H. Eayrs executed to one Fischer a note for $50 and a mortgage upon the real estate to secure its payment; that on the 18th of December, 1875, the appellee, who was then the owner of the mortgage debt, brought suit in the district court of Douglas county to foreclose the mortgage, obtained a decree, caused the property to be sold and purchased it at the judicial sale, and obtained from the sheriff on the 1st day of July, 1881, a deed for the property; that James H. Eayrs, from the 18th of July, 1875, until the day of his death, in August, 1877, was a resident of, and actually within, the state of Nebraska; that no service of process in the foreclosure proceeding was had upon James H. Eayrs, except service by publication; that a summons was duly issued in that proceeding against James H. Eayrs and returned not found in Douglas county, Nebraska; that the notice of

publication was published in a newspaper in the city of Omaha; that the premises in controversy were on the 25th of June, 1875, and ever since that time have been, vacant and unoccupied; that on the 20th of February, 1885, the administrator of James H. Eayrs brought a suit in the district court of Douglas county against the appellee on the same cause of action on which the appellant has brought this action; that the appellee Nason appeared and defended that action, which resulted in a judgment of dismissal. From these special findings the court concluded as a matter of law (1) that the appellant's action here was barred by the judgment recovered in the action brought by the administrator of appellee's father against the appellee; and (2) that the appellant's cause of action here was barred, when brought, by the statute of limitations.

2. Was the foreclosure decree rendered by the district court of Douglas county in the suit of appellee against appellant's father void? We think it was. Appellant's father, at the time of the institution of that suit and at the time of the pronouncing of that decree, was a resident of, and actually within, the state of Nebraska. The entire tract of land upon which the mortgage was a lien was situate in Douglas county, Nebraska. The action to foreclose the mortgage then could have only been brought in that county. (Code of Civil Procedure, sec. 51.) The appellant's father did not appear in that action, and the only notice that he had of its pendency was a constructive one; that is, service by publication as provided by sections 77 and 78 of the Code of Civil Procedure. Appellant's father was the owner of the legal title to the land upon which the mortgage foreclosed in that suit was a lien, and was therefore a proper and a necessary party to that suit. He was a resident of, and actually present within, the state of Nebraska, and therefore no valid notice of the pendency of the suit could be given him by publication. In such an action as that personal notice of its pendency to one who is a necessary

and proper party defendant thereto must be given by service upon him of a summons, unless such defendant is both a non-resident of the state and absent therefrom or a foreign corporation. The district court had jurisdiction of the subject-matter of the action in the foreclosure case. In that case an affidavit was filed in accordance with section 78 of the Code of Civil Procedure, which recited that the appellant's father owned the real estate on which it was sought to foreclose the mortgage; that he was a non-resident of the state of Nebraska, and that service of summons could not be had upon him in the state. The record then on its face discloses that the court had jurisdiction of the appellant's father; and the decree of the court, though void so far as appellant's father was concerned, for want of jurisdiction over his person, appeared upon the face of the record to be valid. We need neither discuss nor determine how far conclusive and unimpeachable this decree would be if assailed in some purely collateral proceeding, or if called in question against some third party claiming under it. But in the case at bar the validity of the foreclosure decree is now called in question by the heir of the mortgagor not made a party to the suit in which the decree was rendered, or rather not served with process in that suit against the original plaintiff in that foreclosure action; and the decided weight of authority is that though the record in which a judgment is pronounced discloses upon its face that the court had jurisdiction both of the subject-matter of the suit and of the parties thereto, still a party made liable by such a judgment, who has never appeared in the action and who was never given legal notice of the pendency of such action, may in a proper proceeding, either as a cause of action or defense, show that the recitals of the record that he was served with the process of the court are false, and that therefore the judgment, though valid upon its face, was void as to him. (*Mastin v. Gray,* 19 Kan. 458; *McNeill v. Edie,* 24 Kan. 108; *Norwood v. Cobb,* 15 Tex. 500; *Goudy v. Hall,* 30 Ill. 109; *Carleton v. Bickford,* 79 Mass. 591.)

3. Is the judgment pronounced in the suit brought by the administrator of appellant's father against the appellee a bar to the appellant's action here? We do not think it is. There is no privity between the administrator and the heir so far as regards the decedent's real estate. In *Dundas v. Carson*, 27 Neb. 634, and in *Carson v. Dundas*, 39 Neb. 503, it was held that an administrator of a decedent's estate might maintain an action for the recovery and possession of the real property of the decedent necessary for the purposes of administration either against the heirs of the decedent or strangers. But these decisions are based upon section 202, chapter 23, Compiled Statutes, which provides: "The executor or administrator shall have a right to the possession of all the real as well as personal estate of the deceased and may receive the rents, issues, and profits of the real estate until the estate shall have been settled or until delivered over by order of the probate court to the heirs or devisees." At common law an administrator was not entitled to the possession of the real estate and there was no privity between an administrator and an heir affecting the same. (See the rule stated and the authorities collated in 7 Am. & Eng. Ency. Law 270; 2 Black, Judgments sec. 560.) But an action of ejectment is a possessory action; and while, because of the provisions of our statute, an administrator may maintain such an action, it does not follow that he may maintain an action to quiet title to the decedent's estate by removing a cloud therefrom; and we are of opinion that an administrator, in the absence of statutory authority therefor, cannot maintain such an action. That question was presented to the supreme court of Illinois in *Gridley v. Watson*, 53 Ill. 186, and the court held: "The statute gives an administrator no power to engage in litigation to remove clouds upon the title to lands belonging to the estate, and a bill filed by him for that purpose is obnoxious to a general demurrer." To the same effect see *Shoemate v. Lockridge*, 53 Ill. 503. The question was again presented to the

supreme court of Illinois in *Le Moyne v. Quimby*, 70 Ill. 399, and again the court held that an administrator could not file a bill in equity to perfect the title of the real estate of the decedent or relieve it of any burden upon it. The court said: "If the land is incumbered, or there is a cloud upon the title, he [the administrator] cannot apply to a court of equity to relieve it of any burden." We conclude, therefore, that the action of appellant is not barred by the judgment rendered in the suit brought by the administrator of appellant's father against the appellee, and the court erred in so holding.

4. Was this action when brought barred by the statute of limitations? We observe (1) that this finding of the court is not based upon the appellee's answer that he had been in the adverse possession of the real estate for more than ten years before the suit was brought, because the court expressly finds that the real estate, at the date of the decree, and for nearly twenty years prior thereto, was vacant and unoccupied; (2) that the defense of the statute of limitations was not interposed by appellee in his answer. The court then must have reached the conclusion that the action was barred by the statute of limitations from the averments in the petition; that is, that the petition upon its face discloses that the action when brought was barred. When it is not apparent from the face of the petition that the action is barred, the statute of limitations as a defense must be taken advantage of by answer. (*Hanna v. Emerson*, 45 Neb. 708.) On the other hand, where a petition discloses upon its face that the cause of action is barred by the statute of limitations, objection may be made to the petition on the ground that the facts therein averred do not state a cause of action. (*Peters v. Dunnells*, 5 Neb. 460; *Hurley v. Cox*, 9 Neb. 230; *Aultman v. Cole*, 16 Neb. 4.) Since a defendant may avail himself at any stage of the trial of the fact that the petition shows upon its face that the action was barred by the statute of limitations when brought by interposing the objection that the petition

does not state facts sufficient to constitute a cause of acion, the trial court was justified in finding that this action was barred by the statute when brought, if that fact appeared upon the face of the petition itself.

5. What is the cause of action alleged in the petition in this case? Appellant's cause of action is that a sheriff's deed held by the appellee and issued in pursuance of a judicial sale of appellant's real estate is void because of the fact that the decree upon which the sale is based was void for want of jurisdiction of the court over appellant's ancestor, who owned the land at the time the decree was rendered, and was made a party thereto, but not served with process in that case, and did not appear therein; that notwithstanding this decree and the sheriff's deed based thereon are void, the appellee asserts title to appellant's real estate by virtue of such void deed, and she seeks by this proceeding to have this decree and sheriff's deed decreed void and canceled and her title, which is disturbed by this void decree and deed and appellee's assertion of title thereunder, quieted. Appellant's action is an equitable one—an action of which the old chancery courts possessed jurisdiction, and one which is recognized and provided for by section 57, chapter 73, Compiled Statutes. But no court of chancery would have taken jurisdiction of this action, because at common law a plaintiff, to obtain standing in a court of equity to quiet his title to real estate, must have been possessed of both the legal title and possession of the land. Our Code has modified the chancery rule in this respect, and now a party may maintain an action to quiet his title to real estate whether he be in or out of possession and whether his title be a legal or equitable one. (*Force v. Stubbs*, 41 Neb. 271; *Hall v. Hooper*, 47 Neb. 111.)

6. When did appellant's cause of action accrue? If a defendant is in the adverse possession of a plaintiff's real estate, claiming title thereto, plaintiff's cause of action accrues when such adverse possession begins. (*Stall v. Jones*, 47 Neb. 706.) If the defendant be out of posses-

sion, asserting title or claim to the real estate, the cause of action accrues when such claim or title is asserted. If the conveyance, instrument, or thing on which the assertion of title is based is of record, perhaps the cause of action accrues when such conveyance, instrument, or thing is placed of record. In the case at bar neither the appellant nor the appellee are in possession of the real estate. The appellant claims title to the real estate by descent from her ancestor, who owned the fee, and she asserts as her cause of action that the appellee, by virtue of the aforementioned void sheriff's deed, is claiming and asserting that he has the title to her real estate by virtue of that deed. The appellee admits this charge. So far as the record discloses, this sheriff's deed, though issued nearly twenty years ago, has never been placed of record. Appellant does not aver in her petition when the appellee first began asserting or claiming title under his sheriff's deed, but the averment is that he is now, at the date of filing the petition, claiming and asserting title under the deed. The appellant's action then, so far as the record discloses, accrued at or about the date of the bringing of this suit. As the statute did not begin to run in favor of the appellee until some assertion or claim of ownership to the premises was made by him, the action was not barred. (*Pleasants v. Blodgett*, 39 Neb. 741.) The district court erred in holding that appellant's action was barred by the statute of limitations when brought.

7. We need not determine, then, the question argued in the briefs, as to whether an action to quiet title to real estate must be brought within ten years after the cause of action accrued, according to the provisions of section 6 of the Code of Civil Procedure, or within four years after the cause of action accrued, in compliance with the provisions of section 16 of the Code of Civil Procedure. That question remains undecided in this court, notwithstanding what was said in *Parker v. Kuhn*, 21 Neb. 413; *McKeeson v. Hawley*, 22 Neb. 692; *Baldwin v. Burt*, 43 Neb. 245; *Dorsey v. Conrad*, 49 Neb. 443. The first case

was an action for relief on the ground of fraud. In the second case the action was barred by the ten years' adverse possession of the defendant. The third case was an action by a subsequent mortgagee against a prior mortgagee and a purchaser at a judicial sale of the real estate, made in pursuance of a foreclosure of such prior mortgage, to which proceeding the subsequent mortgagee was not a party, to redeem from such subsequent mortgagee. The fourth case was an action by an owner of real estate to redeem the same from a decree foreclosing a mortgage thereon, to which the plaintiff was not made a party. In any view that we are able to take of this record the decree of the district court is wrong. It is reversed and the cause remanded.

REVERSED AND REMANDED.