CHARLES T. PAYNE, APPELLANT, v. PETER ANDERSON ET AL., APPELLEES.

FILED DECEMBER 5, 1907. No. 14,996.

1. Judgment: VALIDITY: CONSTRUCTIVE SERVICE. A judgment or decree affecting the title to land owned by a resident of this state, the only notice given being by publication, is absolutely void where no appearance was made by or for such resident.

2. Quieting Title: LIMITATIONS. Where the lands of a resident of the state are sold under a decree entered against him on service by publication, no appearance in the action being made by or on behalf of such party, an action to quiet his title to the land may be brought at any time within ten years from the recording of the deed made on a sale under the decree.

3. ——: ——. Whether a cause of action would accrue to such party on recording the deed made to the purchaser at the sale so as to start the running of the statute, not being necessary to a decision of the case, is not discussed or determined.

4. ——: TAXATION: EQUITY. In an action to quiet title as against a sale for taxes made under a void decree of court, an offer to pay such sum as the court may find due the defendants on account of any lien for taxes paid is a sufficient offer to do equity and a sufficient tender of any taxes due the defendants.

5. Taxation: VOID DECREE: REDEMPTION. The limitation of two years within which a party may redeem from a sale for taxes, has no application to a sale made under a void decree foreclosing a tax lien.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*A. E. Howard, E. M. Slattery, James E. Philpott* and *Berge, Morning & Ledwith,* for appellant.

*A. W. Crites, contra.*

DUFFIE, C.

May 27, 1905, the plaintiff filed his petition in the district court for Dawes county, Nebraska, asking that his title to the northwest quarter of section 34, township 29, of range 9 west of the sixth P. M., be quieted. The petition alleges that he became the owner in fee of said land by purchase from the owner, John Strang, in 1893, and that his deed therefor was recorded in the office of the register of deeds January 4, 1894; that at the date of his said purchase, and ever since, he was an actual resident of the city of Lincoln, Lancaster county, Nebraska, where he has continued to reside with his family, and that the defendants had actual knowledge and constructive notice of his said place of residence; that in December, 1899, the defendant, Peter Anderson, began an action in equity in the district court for Dawes county, making the plaintiff a defendant therein, and demanding the foreclosure of certain pretended tax liens on the real estate above de-

scribed; that, notwithstanding the knowledge and notice of the plaintiff's place of residence, the said Peter Anderson, plaintiff in said action, proceeded to obtain service upon the plaintiff by publication, but it is alleged that no proper or lawful affidavit of nonresidence of the plaintiff was ever filed in that action; that a decree of foreclosure was entered in said action, and the land thereafter sold by the sheriff of Dawes county; that Peter Anderson became the purchaser, and thereafter, and on August 13, 1900, a sheriff's deed to said Anderson was placed of record in the recorder's office of Dawes county, the deed bearing date July 17, 1900. It is further alleged that during the pendency of said action plaintiff had no notice or knowledge of the same, either actual or constructive; that he never made any appearance therein; that he was never served with process; that the court never obtained jurisdiction over him or his said property, and that the proceedings, including the decree, sale, and sheriff's deed, are absolutely void; that such proceedings and deed constitute a cloud upon plaintiff's title, which makes it impossible for him to sell his land or borrow money thereon. It is further stated that the defendant, Peter Anderson, conveyed the land to the defendant, Mary Anderson, and that the deed of conveyance was recorded October 19, 1904; that the consideration named in the deed is $1; that Mary Anderson is the mother of Peter Anderson, and that she took said conveyance with full knowledge and notice of all the foregoing facts; that no consideration was in fact paid for said deed, and that it still further clouds and impedes plaintiff's title. The relief prayed is that title to the land be forever settled and quieted in the plaintiff; that all proceedings had in the former case be set aside as void, and that the defendants be enjoined from asserting or claiming any right, title or interest in the premises; (2) that, if the court should find that the defendants, or either of them, are entitled to any claim or demand in, to or on said premises because of any tax liens, an accounting be had of the amount; that plaintiff be permitted

to pay the same upon terms to be fixed by the court; and for such other, further or different relief as may be just and equitable. The defendants filed separate demurrers to this petition, alleging, first, that the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff; and, second, the petition failed to state facts sufficient to entitle the plaintiff to any relief against defendant. The court entered an order sustaining these demurrers, and, the plaintiff electing to stand upon his petition, judgment was entered against him dismissing the petition and taxing him with the costs. From this judgment the present appeal was taken.

The demurrer admits all material facts alleged in the petition. These material facts are the following: At the date of Anderson's action to foreclose a tax lien against the land, the plaintiff was the legal owner thereof and a necessary party defendant to said action; second, he was an actual resident of Lancaster county, Nebraska, residing with his family in the city of Lincoln, where actual personal service of summons could be had on him; third, Anderson had both actual and constructive notice of his said residence; fourth, notwithstanding these facts, he proceeded to obtain service of summons by publication, and perpetrated a fraud both upon the court and upon the defendant by taking judgment in the action, knowing that the service required by statute had not been had upon the plaintiff, defendant in said action; that he procured a sale of plaintiff's land under said judgment, became the purchaser thereof, and has since transferred it to his mother, without consideration and with knowledge on her part of the facts above stated.

In *Hayes v. Nason*, 54 Neb. 143, it was held that a decree foreclosing a mortgage was absolutely void as against the owner of the fee—a resident of the state—where the only service was by publication. In that case, as in this, the action was to redeem from the illegal sale and deed, and it was said that, even though the record in which a judgment is pronounced shows upon its face that the

court had jurisdiction both of the subject matter of the suit and of the parties thereto, a party made liable by such judgment, who had never appeared in the action and who never had legal notice of its pendency, might, in a proper proceeding, either as a cause of action or as a defense, show that the recitals of the record that he was served with process of the court were false. It is true, as urged by the defendants, that the rule in some jurisdictions is that a judgment entered against a resident of the state on service by publication is valid where the plaintiff making the affidavit for such service was honestly mistaken as to defendant's nonresidence. Such is the case of *Davis v. Vinson Land Co.*, 76 Kan. 27. The court in its opinion refers to *German Nat. Bank v. Kautter*, 55 Neb. 103, which follows the rule in *Bayrs v. Nason, supra,* and approves the holding in that case under the facts disclosed in the record, while it disapproves the holding that an affidavit for publication on the ground of the nonresidence of the defendant, although made in good faith, did not confer jurisdiction on the court. We quote from the opinion: "In support of their contention the plaintiffs in error cite the case of *German Nat. Bank. v. Kautter,* 55 Neb. 103. In that case, however, the court found the action of the plaintiff in obtaining service and judgment to be fraudulent, while nothing of that nature exists here. The fraudulent conduct of the plaintiff in the case cited fully justified the decision made, and we fully concur in the conclusion reached by the court for that reason. In the discussion of the case, however, the court does not seem to have regarded the question of fraud in procuring service as important, but places its decision flatly upon the ground that a false affidavit cannot confer jurisdiction. * *. * We think the opinion, when considered apart from the facts, too broad, and are not inclined to follow it." From the above extract it will be seen that even in Kansas, where the rule prevails that a judgment against a resident of the state on service by publication is good, provided the plaintiff acted honestly in filing an

affidavit alleging the nonresidence of the defendant, under the admitted facts in this case, where the affidavit for publication was made with a knowledge of its falsity, the judgment would be regarded as absolutely void. We are not disposed, however, to recede from the rule announced in *Hayrs v. Nason, supra.* Every resident is entitled to personal notice before being divested of his property. Service by publication may be had only in case of nonresident defendants, and not then when personal service can be had within the state. The court can acquire jurisdiction of the person of a defendant only as provided by statute. A judgment against a defendant of whom the court has no jurisdiction must, on principle, be void. The courts holding otherwise place it upon the ground that the nonresidence of the defendant is a question of fact to be determined by the court before the entry of the judgment. The evidence to establish this fact, as stated in *Davis v. Vinson Land Co., supra,* is the affidavit for publication filed by the plaintiff or his agent or attorney. Why should the validity of the judgment depend upon whether the party making such affidavit was mistaken as to the defendant's residence, or knowingly misrepresented such place of residence? In either event, the affidavit is a false one, and the jurisdictional fact—the nonresidence of the defendant—cannot be supplied by the good faith of the party who asserts it. The published notice in such case is not notice to the defendant, and gives the court no jurisdiction over him or his property.

It is urged by the defendants that no facts are stated in the petition showing a defense to the foreclosure action, and that, whether the judgment be void or voidable, it cannot be set aside without such showing. It is established in this state that a court of equity will not lend its affirmative aid to a person seeking to avoid the enforcement of a void judgment, unless it be made to appear that he has a valid defense thereto. *Hall v. Hooper,* 47 Neb. 111, and cases cited at page 119. It may be doubted whether this rule obtains as to a judgment secured by

fraud practiced by the plaintiff; but, even if that be the rule applicable to the case at bar, the plaintiff is seeking something further than the vacation of the judgment; he is seeking to redeem his land, the title to which the defendants assert in themselves under a void decree. He is willing that the court shall award to the defendants any amount equitably due them, but he is not willing, nor do we know of any rule which will require him, to surrender his title to real estate sold under a void judgment fraudulently obtained by one of the defendants. Whether the plaintiff has a meritorious defense to the tax lien claimed by the defendants against his land is not the question in issue. The real question is: Shall his title be divested by virtue of a void decree obtained from the court by fraud practiced upon it by one of the defendants?

The defendants further urge that the plaintiff must now tender all taxes due upon the land. The petition asks for an accounting, and for leave to redeem by paying any amount for which the defendants may have a lien on the land on account of taxes paid thereon. That no tender of any specific sum was made, we do not regard as important. As said in *Jones v. Hartsock,* 42 Ia. 147: "There is not the same necessity for tender in actions in equity as at law." "A court of equity, having control over the whole subject, may so mould the decree as to costs, and the conditions under which relief will be granted, as to fully guard and protect the interests of all parties," although no formal tender is made before the bringing of a suit. See, also, *Binford v. Boardman,* 44 Ia. 53, and *Taylor v. Ormsby,* 66 Ia. 109.

It is further asserted that the action is barred by the statute of limitation; that the action does not fall under section 6 of the code limiting the time for the recovery of the title or possession of real estate, but that it falls under the provisions of section 16, which limits the time for commencing actions not provided in the preceding sections to four years. We do not think there can be any doubt that the action is one for the recovery of title to

real estate, and that the ten-year statute of limitation is the one applicable. If not an action to quiet title, it is one to remove a cloud from the title, and there are cases holding that an action to remove a cloud upon the title to real estate is not subject to any limitation. Such an action by one in possession would, we think, be a continuing action of which a party might take advantage at any time that the cloud interfered with a sale of his property or with his attempt to raise money by way of a mortgage. So long as the owner's possession continued, a cloud could not interfere with his actual possession and enjoyment of the property or the profits to be derived therefrom. No title by adverse possession could be acquired as against the owner in possession, and any unfounded claim of title could not grow into a right, however long continued, in the absence of possession. It might, however, seriously interfere with the sale of the property or a pledge of the title in the way of security for a loan, and an action to remove the cloud would become necessary only when such interference with the free disposition of the title occurred. In *Wagner v. Law*, 3 Wash. 500, 28 Am. St. Rep. 56, an action brought by a judgment creditor to set aside fraudulent conveyances made by the judgment debtor, the court said: "Under the statute, an action for the recovery of the possession can be commenced within ten years. We think, therefore, that the action is not barred, though we do not now decide that an action to remove a cloud would be even subject to that limitation, or subject to any limitation at all; for, as ten years had not elapsed between the time the purchaser received her deeds to any of these lands and the time of the commencement of this action, it is not necessary to discuss the subject of limitations further." In this case, we are clear that the action is not barred by section 16 of the code, and, as it was commenced within ten years from the date of the sheriff's deed, it is not barred by section 6 of the code. Whether the statute would commence to run upon the making and recording of the sheriff's deed, it is not necessary to determine.

The special statute of two years within which a party may redeem from a tax sale is also urged by the defendants as applicable to this case. If the defendant had been legally served with process in the action, the two-year statute would apply, but, the decree foreclosing the tax lien claimed by Anderson being void, the two-year statute has no application.

The demurrers interposed by the defendants should have been overruled, and we recommend a reversal of the decree appealed from and remanding the cause to the district court for further proceedings not inconsistent with this opinion.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED.